## LEHNEN *v.* DICKSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 125.   Argued February 2, 3, 1893.—Decided March 6, 1893.

When the record shows that the case was tried below by the court without a jury, and there is no special finding of facts, and no agreed statement of facts, but only a general finding, this court must accept that finding as conclusive, and limit its inquiry to the sufficiency of the complaint and of the rulings, if any be preserved, on questions of law arising during the trial.

No mere recital of the testimony, whether in the opinion of the court or in a bill of exceptions, can be deemed a special finding of facts within the scope of the statute.

In Missouri in an action of unlawful detainer, the defendant put in evidence a lease of the property by the then owner, who had since died, which had been assigned to him. The plaintiff offered evidence of a judgment cancelling and setting aside that lease, which was admitted under objection, and the admission excepted to. *Held,* that the ruling was right.

THE case is stated in the opinion.

*Mr. D. P. Dyer,* (with whom was *Mr. David Goldsmith* on the brief,) for plaintiff in error.

*Mr. James O. Broadhead* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On February 6, 1886, defendant in error commenced an action of unlawful detainer, before a justice of the peace in Montgomery County, Missouri. The complaint charged an unlawful detention by the defendant, since January 2, 1886, of a tract of land of 800 acres situated in that county. By *certiorari*, under the provisions of the state statute, the case was removed to the Circuit Court of Montgomery County, and thereafter, upon application of the defendant, on the ground of diverse citizenship, from that to the Circuit Court of the United States for the Eastern District of Missouri. There the case was tried without the intervention of a jury, and, on January 30, 1889, a judgment was entered in favor of the plaintiff for the restitution of the premises, for double damages, amounting to $5940, and for $220 per month, double rent, from and after the entry of judgment. The opinion of Judge Thayer is found in 37 Fed. Rep. 319. To reverse such judgment the defendant sued out a writ of error from this court.

The first matter to be considered is, whether the record is in such shape as to present any question for determination. The case was tried by the court without a jury, and the journal entry shows simply a general finding that the defendant is guilty in manner and form as charged in the complaint, the amount of damages sustained by the plaintiff, and the value of the monthly rents and profits, and thereon the judgment for restitution of the premises, double damages and double rent. There is no special finding of facts, and no agreed statement of facts. Obviously, therefore, inquiry in this court must be limited to the sufficiency of the complaint and the rulings, if any be preserved, on questions of law arising during the trial. Sections 648 and 649 of the Revised Statutes, while committing generally the trial of issues of fact to a jury, authorize parties to waive a jury and submit such trial to the court, adding that "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." But the verdict of a jury settles all questions of fact. As said by Mr. Justice Blatchford, in *Lan-*

*easter* v. *Collins*, 115 U. S. 222, 225 : "This court cannot review the weight of the evidence, and can look into it only to see whether there was error in not directing a verdict for the plaintiff on the question of variance, or because there was no evidence to sustain the verdict rendered." The finding of the court, to have the same effect, must be equally conclusive and equally remove from examination in this court the testimony given on the trial. *Insurance Co.* v. *Folsom*, 18 Wall. 237; *Cooper* v. *Omohundro*, 19 Wall. 65. Further, section 700 provides that "when an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special, the review may extend to the sufficiency of the facts found to support the judgment." Under that, the rulings of the court in the trial, if properly preserved, can be reviewed here, and we may also determine whether the facts as specially found support the judgment; but if there be no special findings, there can be no inquiry as to whether the judgment is thus supported. We must accept the general finding as conclusive upon all matters of fact, precisely as the verdict of a jury. *Martinton* v. *Fairbanks*, 112 U. S. 670.

It is true, if there be an agreed statement of facts submitted to the trial court and upon which its judgment is founded, such agreed statement will be taken as the equivalent of a special finding of facts. *Supervisors* v. *Kennicott*, 103 U. S. 554. Doubtless, also, cases may arise in which, without a formal special finding of facts, there is presented a ruling of the court, which is distinctly a ruling upon a matter of law, and in no manner a determination of facts, or of inferences from facts, in which this court ought to and will review the ruling. Thus, in *Insurance Company* v. *Tweed*, 7 Wall. 44, where on the argument in this court counsel agreed that certain recitals of fact made by the trial court in its opinion or "reasons for judgment," as it was called, were the facts in the case, and

might be accepted as facts found by the court, it was held that, as they could have made such agreement in the court below, it would be accepted and acted upon here, and the facts thus assented to would be regarded as the facts found or agreed to upon which the judgment was based; and upon an examination it was further held that they did not support the judgment, and it was reversed. But still, as was ruled in *Flanders* v. *Tweed*, 9 Wall. 425, this court is disposed to hold parties to a reasonably strict conformity to the provisions of the statute prescribing the proceedings in the case of a trial by the court without a jury; and no mere recital of the testimony, whether in the opinion of the court or in a bill of exceptions, can be deemed a special finding of facts within its scope. *Norris* v. *Jackson*, 9 Wall. 125. See also the case of *The City of New York*, 147 U. S. 72, in which the rule, as applicable to suits in admiralty, was reviewed and similar conclusions were reached.

Beyond the ordinary matters of the record, which, for the reasons above stated, present no matter for consideration here, there was duly prepared and allowed a bill of exceptions, which recites all the testimony given at the trial, certain requests for declarations of law and the action of the court thereon, the opinion filed in deciding the case, the motion for a new trial, and the opinion on the overruling of such motion. By this bill of exceptions one ruling, in respect to the admission of testimony, is clearly preserved. In order to fully understand the question, a brief recital of the transactions as shown by the testimony is necessary.

On September 24, 1877, Edwin H. Farnsworth, the owner of the premises, made a written lease thereof to Thomas R. Summers, for a term of eight years, commencing January 1, 1878, and ending January 1, 1886. The lessee transferred this lease, with the approval of the lessor, to Godfrey Lehnen, the father of the defendant. The defendant took possession during the running of this lease, with the consent of his father. Farnsworth died on April 27, 1879, having devised this property to his only child, the wife of the plaintiff. The lease having expired the first of January, 1886, on the 23d of

January, in that year, plaintiff served notice upon the defendant that he demanded the possession of the premises, and on the 6th of February the suit was brought. The defendant, to justify his holding over the 1st of January, 1886, introduced in evidence what purported to be a copy of a lease made by Farnsworth, April 7, 1879, twenty days before his death, to Sarah A. Kempinski, for a term of ten years, commencing January 1, 1886, and a lease from Kempinski to the defendant Lehnen and his father, dated October 15, 1885, for a term of fourteen months, also commencing January 1, 1886. In rebuttal, plaintiff offered a certified copy of the record of a suit commenced in the Circuit Court of Montgomery County, Missouri, by Barbara Dickson and Newton Dickson, her husband, against Sarah A. Kempinski and A. Kempinski, her husband, in which suit there was a decree of the Circuit Court ordering and adjudging that the lease made by Farnsworth to Sarah A. Kempinski be cancelled, set aside, and held for naught, which decree, on review by the Supreme Court of the State, was affirmed. To the admission of this testimony the defendant objected, on the ground that it was incompetent, irrelevant and immaterial, which objection was overruled, and exceptions were taken. This objection was based upon this section of the forcible entry and detainer statute: "The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter." Rev. Stat. 1879, sec. 2443; 2d Rev. Stat. 1889, sec. 5111.

But if the lease is competent evidence to defeat the landlord's right of recovery, testimony tending to show that that lease is of no validity ought surely to be competent in rebuttal. And it has been held in Missouri that the tenant may defeat an action for unlawful detainer brought by the landlord after the expiration of the lease, by proof that the title since the execution of the lease has passed away from the landlord to some other party to whom the tenant has attorned. Thus in *Pentz* v. *Kuester*, 41 Missouri, 447, 449, the court ruled that, "though the tenant could not dispute the title of the landlord, nor set up a paramount title or an adverse possession

against either the grantor or grantee, nor the court inquire into the matter of title in general, it was still competent for the defendant, under the statute, to show that the plaintiff's title and right of possession had been transferred to himself since the demise." The same doctrine was affirmed in *Gunn* v. *Sinclair*, 52 Missouri, 327; *Kingman* v. *Abington*, 56 Missouri, 46; *Higgins* v. *Turner*, 61 Missouri, 249. Not only are these decisions in point, but, turning to the forcible entry and detainer statute, we find, after sections giving to heirs, devisees, grantees, assigns, executors and administrators the same remedies as the ancestor, devisor, grantor, assignor or intestate was entitled to by virtue of the statute, this section: "Evidence for proof of rights under derivative titles, provided for by this chapter, shall be admissible in actions instituted under this chapter." Rev. Stat. 1879, § 2457; 2d Rev. Stat. 1889, § 5123. In other words, these various persons can, in an action of unlawful detainer, offer evidence to establish their derivative titles from the original lessor. On the same principle, these decisions referred to permit the tenant who has attorned to parties claiming such a derivative title to introduce evidence of the transfer and attornment to defeat an action brought by the original landlord; and, surely, if he may offer testimony to prove a transfer of title away from the landlord, the latter may introduce testimony to show that the alleged transfer was of no validity, a mere pretence. Suppose, after the execution of a lease, the landlord dies, and at the termination of the lease his only son and heir at law should bring an action of unlawful detainer, and the tenant in defence should introduce what purported to be a will made by the landlord, devising the real estate to some third party, and the record of the proper court probating that will, together with an attornment to such devisee — within the cases cited such testimony would be competent. Would it not also be clearly competent for the heir, in rebuttal, to introduce a final decree from a competent court, in a suit between himself and the devisee, adjudging that will a forgery, and setting aside its probate? None of this testimony impeaches the lease, or challenges any rights created

by or under it. It is simply "evidence for proof of rights under a derivative title," evidence which in terms is authorized by the section last quoted. There was no error in admitting this testimony.

To obviate the objection that there is no finding of facts, or agreed statement thereof, counsel for plaintiff in error insist that there is really no dispute as to the facts, no conflict in the testimony as to any substantial question, the only difference being as to a subordinate and unimportant matter, and that, therefore, it is the same as though the facts had been agreed upon or found. Further, they suggest that in the opinion delivered by the trial judge there is a narration of the facts we have heretofore recited, together with others, and then this statement preliminary to the discussion of the legal questions: "Thayer, District Judge, after stating the facts as above," and claim that such statement is equivalent to a finding of the facts as previously recited.

But the burden of the statute is not thrown off simply because the witnesses do not contradict each other, and there is no conflict in the testimony. It may be an easy thing in one case for this court, when the testimony consists simply of deeds, mortgages or other written instruments, to make a satisfactory finding of the facts, and in another it may be difficult when the testimony is largely in parol, and the witnesses directly contradict each other. But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another, because of the difficulty in such determination. The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts. Neither in this case can that be said to be wholly an inconsequential matter upon which the witnesses differ. It may not be of controlling importance, yet it bears largely on the question of the good faith of Lehnen in taking the lease from Kempinski. With reference to the language of Judge Thayer, it is obvious that no such significance as is claimed can be given to the words "after stating the facts as above." Reading the prior state-

ment, it would seem to be only a succinct recital of the material testimony in the case. *Norris* v. *Jackson*, 9 Wall. 125.

But even if we waive all these objections, and take this statement as intended for and equivalent to a special finding of facts, or regard the declaration of law asked by the defendant, that the court declares the law to be that under the evidence the plaintiff is not entitled to recover, as bringing properly before us the question whether there was any evidence to sustain the general finding for the plaintiff, and thus enter into an examination of the testimony, still we see no error in the conclusion of the court based thereon. The decree of the state circuit court, affirmed as it was by the Supreme Court, conclusively establishes the nullity of the lease from Farnsworth to Kempinski, at least, as between the plaintiff and Kempinski. It will be noticed, from the allegations in the complaint, that the lease was not set aside and cancelled by reason of anything transpiring since its execution. The defects existed in the inception of the instrument, defects which rendered it void from the beginning, and which, when presented to the court, compelled an adjudication of its invalidity. The charge in the complaint was "that the said Farnsworth at the time of the execution of said agreement was not capable of entering into said contract or any contract, and was incapable of transacting his ordinary business or managing his property by reason of weakness and imbecility of mind produced by disease and old age, and that defendant, A. Kempinski, fraudulently took advantage of the imbecility and helpless mental condition of said Farnsworth, and induced and procured him to execute the said lease to his (the said Kempinski's) wife."

And the conclusion of the Supreme Court was, that the lease was "either the product of a mind incapable of comprehending its force and meaning, or of a weak one imposed upon." It is true, the last alternative stated by the court suggests an instrument only voidable; but in view of the charge in the complaint, and the testimony as disclosed in the opinion of the Supreme Court, it cannot be held that there was any error in the conclusion reached by Judge Thayer, that the

"lease in question never was a valid instrument." Being in itself invalid, a nullity from the beginning, it could not be a foundation for a right in Lehnen, the defendant, as against his landlord. Nor can it be held that, because the decree in the Circuit Court was appealed to the Supreme Court, and a supersedeas bond given, pending such appeal, the lease to Kempinski had force and vitality. Whatever effect the appeal and supersedeas may have had upon the decree, they did not give validity to a void instrument. Though in form a lease, the writing was in fact no contract. That was its condition before the suit was begun, and there never has been a time when it had any life and force. The decree did not create, it only established the fact of its invalidity, and the affirmance of the decree reached back to the very inception of the instrument, and was a final adjudication that from the first it was not binding.

Neither can the contention of the plaintiff in error be sustained, that he was holding over under the *bona fide* belief that he had a right to do so, and, therefore, that such holding over was not wilful, within the meaning of the statute, for there is no finding or suggestion in the opinion of the trial court to the effect that Lehnen was acting in good faith in what he did. On the contrary, the testimony tends to show that he was cognizant of the fraud perpetrated by Kempinski, for he was a witness on the trial in the state Circuit Court, and that he knowingly took the lease with the view of assisting in the accomplishment of the intended wrong. Certainly, in the absence of a finding to the contrary, we should not feel warranted, from an examination of the testimony, in coming to the conclusion that the acts of Lehnen, the defendant, were characterized by good faith; nor are we satisfied that good faith would take the case out of the scope of the Missouri statute, for by section 2433, Rev. Stat. 1879; section 5102, 2d Rev. Stat. 1889, it is provided that "the complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained, or unlawfully detained the same." And that would seem to

be the legislative interpretation of what was meant by wilfully holding over.

It is unnecessary to comment further upon the testimony. We see nothing in it justifying us in holding that the Circuit Court erred in its conclusions, and, therefore, the judgment is

*Affirmed.*