OGDEN CITY v. WEAVER (two cases).

(Circuit Court of Appeals, Eighth Circuit. April 20, 1901.)

Nos. 1,492, 1,493.

1. APPEAL—REVIEW—ACTION TRIED TO COURT.
    Where an action is tried by stipulation before the court without the intervention of a jury, and a general finding made, the only matters reviewable are the rulings made during the progress of the trial to which exception was taken and preserved by bill of exceptions. Unless so presented, questions discussed and determined by the opinion of the court cannot be reviewed.

2. JUDGMENT—EFFECT AS ADJUDICATION—INTERLOCUTORY DECREE.
    A decree in a suit in equity which merely determines the invalidity of a contract, and refers the case to a master to state an account between the parties, is interlocutory, and not a final adjudication which can be pleaded in bar of a subsequent action between the same parties involving the validity of the same contract.

3. FEDERAL COURTS—JURISDICTION—PENDENCY OF SUIT IN STATE COURT.
    The pendency in a state court of a suit in equity to determine the validity of a contract and the rights of the parties thereunder does not deprive the federal court of jurisdiction to entertain an action at law between the same parties brought by the defendant in the suit in the state court to recover a sum claimed to be due under such contract; the suit at law not being one which affects the custody of property, either actually or constructively.

4. MUNICIPAL CORPORATIONS—VALIDITY OF CONTRACTS—MANNER OF EXECUTION.
Where the statutes governing a city do not in terms require a contract to be entered into by ordinance, the city cannot avoid a contract which it recognized as valid and acted under for years on the ground that its execution was authorized only by a resolution of the council.

5. APPEAL—REVIEW—SUFFICIENCY OF OBJECTION TO EVIDENCE.
A general objection to the admission in evidence of a contract on the ground stated that it was "incompetent, irrelevant, and immaterial" is not sufficiently specific to raise the question of its validity in an appellate court.

6. PLEADING—SUFFICIENCY—WAIVER OF OBJECTION.
A defendant who answers a count of the complaint without objection to its sufficiency waives merely formal defects, and cannot raise the question of its insufficiency because it adopts allegations of a separate count without repeating them, by an objection to the introduction of evidence thereunder, the effect of which would be to compel a reformation of the pleading after the commencement of the trial.

In Error to the Circuit Court of the United States for the District of Utah.

This action was brought by William Adamson and Stanley L. Conklin, as receivers of the Bear River Irrigation & Ogden Waterworks Company, hereafter termed the "Irrigation Company," against Ogden City, the plaintiff in error, to recover the amount alleged to be due to the receivers from the city for water that had been supplied to it by the irrigation company and by the receivers subsequent to their appointment. William C. Weaver, the defendant in error, was substituted as plaintiff after the suit was instituted; the original receivers first above named having been removed, and said Weaver having been appointed as sole receiver in their place and stead. The complaint contained four causes of action, but two of these, namely, the third and fourth, were dismissed by the plaintiff prior to the trial below. The parties stipulated that the issues arising on the first and third causes of action should be tried before the court without the intervention of a jury, and a judgment entered according to the opinion of the court, "and that, if the opinion of the court is that the plaintiffs are not entitled to recover upon the first and third causes of action, then a trial shall be had to a jury, unless the parties agree to waive a jury, upon the issues joined on the second and fourth causes of action." On the trial of the first cause of action the lower court rendered a judgment in favor of the plaintiff below in the sum of $11,734.06. Subsequently, acting upon the aforesaid stipulation, there was a trial on the second cause of action before a jury, which resulted in a verdict and judgment in favor of the plaintiff below for the sum of $10,146.42. Two writs of error were sued out by the defendant below, which were addressed, respectively, to the two judgments last mentioned. By the first count in the complaint the receiver sought to recover the value of water which had been supplied to the city by the irrigation company prior to the appointment of receivers, between January 1, 1897, and May 17, 1898. By the second count he sought to recover the value of water that had been furnished by the receivers after they assumed charge of the waterworks; that is to say, from May 17, 1898, until July 29, 1899, when the action was commenced. Concerning the pleadings in the case, it will suffice for present purposes to say that the receiver claimed that the city was liable to pay the sums claimed both in the first and second causes of action under and by virtue of the terms of a certain contract which was entered into by the city with one John R. Bothwell on August 6, 1889, which contract had been assigned by Bothwell on September 25, 1889, to the Bear Lake & River Waterworks & Irrigation Company, all of whose rights under said contract were acquired on or about September 1, 1894, at a foreclosure sale, by the irrigation company first above named, to wit, the Bear River Irrigation & Ogden Waterworks Company. The complaint showed that water had been supplied to the city by the irrigation company under the terms of said contract from the time it acquired the same, in September, 1894, until May 17, 1898, when receivers were appointed, and that

thereafter water had been supplied by the receivers, and that the city had paid for the water so furnished at the contract rate until January 1, 1897, except a small amount ($90) which was due for the use of three hydrants from July 1, 1896, to January 1, 1897. The principal defense that was interposed by the city in its answer, and on which it seems to have relied exclusively as a justification for its refusal to pay for water that had actually been received, was, that the contract which was made by the city with Bothwell on August 6, 1889, and under which water had been continuously supplied down to the institution of the suit, was in excess of the city's powers, and was for that reason invalid.

C. S. Varian (Herbert R. MacMillan, H. H. Henderson, and F. S. Richards, on the brief), for plaintiff in error.

Andrew Howat (Lindsay R. Rogers, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

As the issues arising on the first cause of action were tried before the court without the intervention of a jury, and as the finding was general, the only question open for review is whether error was committed in the rejection or admission of evidence, or in rulings upon any motions made in the progress of the trial which are reviewable on appeal, to which an exception was duly saved. This court cannot review the decision of the trial judge upon questions of law which seem to have been considered by him, as appears by an opinion which has been incorporated into the transcript, unless the questions so considered are raised and presented by exceptions to the admission or exclusion of evidence which are duly preserved by the bill of exceptions. In the present case the opinion of the learned judge of the trial court is not contained in the bill of exceptions, and for that reason it forms no part of the record proper. It was inserted in the transcript, according to the usual practice in that behalf, for the convenience of counsel and for the information of this court; but assignments of error which are addressed to the views that were expressed by the learned judge of the trial court in deciding the case, even if his opinion had been incorporated into the bill of exceptions, cannot be noticed, unless a proper foundation was laid in the bill of exceptions for obtaining a review, based upon rulings which were made during the progress of the trial. It is to be further observed that errors which are specified in the assignment of errors cannot be noticed on appeal unless the action complained of is disclosed by the bill of exceptions, nor unless it appears by referring thereto that an exception to the action complained of was properly taken during the progress of the trial. These rules of procedure are well established by numerous adjudications, a few of which only need be cited: Searcy Co. v. Thompson, 27 U. S. App. 715, 13 C. C. A. 349, 66 Fed. 92; Adkins v. W. & J. Sloane, 19 U. S. App. 573, 8 C. C. A. 656, 60 Fed. 344; Trust Co. v. Wood, 19 U. S. App. 567, 8 C. C. A. 658, 60 Fed. 346; Insurance Co. v. Folsom, 18 Wall. 237, 253, 21 L. Ed. 827; Stanley v. Supervisors, 121 U. S. 535, 547, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 37 L. Ed.

373; Consolidated Coal Co. of St. Louis v. Polar Wave Ice Co., 106 Fed. 798. The application of the foregoing rules to the case in hand leaves but a few questions which are open for consideration and review.

The first point insisted upon by counsel for the plaintiff in error is that the trial court erred in holding that a decree which appears to have been rendered by the district court for the Third judicial district of the state of Utah in a case which was brought by Ogden City against the Bear Lake & River Waterworks & Irrigation Company and the Bear River Irrigation & Ogden Waterworks Company et al. was not a final decree, determinative of the rights of the plaintiff and the defendant in the present action. With reference to this contention it is to be observed that the record and decree in the case pending in the state court seem to have been offered in evidence on the trial of the case at bar by the defendant below; that is to say, by Ogden City. They were objected to at the time by the receiver, and the bill of exceptions recites that they were admitted "subject to objection," the trial court undertaking to rule on their admissibility afterwards. We are not advised by the bill of exceptions whether they were eventually admitted or rejected. Neither are we informed, except by the opinion of the trial judge, which, as already stated, forms no part of the record, what the view of the trial court was with respect to the finality of the decree. In this condition of the record, we might well decline to notice the contention above stated; but, as the record of the case in the state court is before us, we have examined it with some care, and are of opinion that the trial court was right in holding that the decree was not such a final adjudication of the receiver's rights as could be pleaded in bar of the present action. An inspection of the decree shows that it was entered in an equity case which appears to have been pending between the parties above named; that the state court determined one question, namely, that the contract between Ogden City and John R. Bothwell, of date August 6, 1889, was invalid; that after such adjudication the case was referred to a master, with directions to state an account between the parties with reference to the value of the waterworks property which was effected by the contract, and with reference to all the business transactions of the parties thereunder during a period of eight or nine years, while the contract was supposed to be valid; and that such accounting is still pending and undetermined before the master. We think it clear, from such examination as we have made of the decree, that it was merely interlocutory, and not such a final adjudication as will bar the plaintiff's right to a hearing in the present action, and that no error was committed by the trial court in excluding the decree for that reason, if we assume that it was in fact excluded. Perkins v. Fourniquet, 6 How. 206, 12 L. Ed. 406; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079; Denison & N. R. Co. v. Ranney-Alton Mercantile Co. (C. C. A.) 104 Fed. 595, 605.

It is urged, however, in behalf of the defendant city that if the decree which it has secured in the state court is interlocutory and not

final, and for that reason cannot be invoked in support of its plea of res judicata, nevertheless the mere pendency of the case in the state court should have induced the trial court to suspend all proceedings in the case at bar until the action in the state court was finally heard and determined. This contention, however, is based upon a misconception of the character of the present proceeding, which is an action at law, in personam, to recover a sum of money due under a contract. It is not a case which affects the custody of any property over which the state court has first acquired jurisdiction. Neither is it a case which involves any interference with the orderly conduct of the litigation in the state court. It is simply one of those cases, such as frequently occur, where a state court and a federal court, in the exercise of a jurisdiction which rightfully belongs to each, are called upon to determine the same question, and the fact that they may disagree and decide the question differently in no wise interferes with the right of either to proceed. It is well settled that the fact that a suit upon a cause of action is pending in a state court will not sustain a plea of lis pendens to a suit upon the same cause of action subsequently filed in a federal court. Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Insurance Co. v. Harris, 97 U. S. 331, 24 L. Ed. 959; Buck v. Colbath, 3 Wall. 334, 345, 18 L. Ed. 257; Standley v. Roberts, 19 U. S. App. 407, 421, 8 C. C. A. 305, 59 Fed. 836. The rule is quite different, of course, when, after a suit is brought in a state court which affects the custody of property, or at some stage of the proceeding may affect its custody, a suit of a like nature is subsequently brought in a federal court. In such cases the rule is well established that the court which first acquires jurisdiction of the res, actual or constructive, is entitled to proceed without let or hindrance on the part of any other court of co-ordinate jurisdiction. Merritt v. Barge Co., 49 U. S. App. 85, 24 C. C. A. 530, 79 Fed. 228; Zimmerman v. So Relle, 49 U. S. App. 387, 25 C. C. A. 518, 80 Fed. 417; Gates v. Bucki, 12 U. S. App. 69, 4 C. C. A. 116, 53 Fed. 961. But the principle involved and the rule stated in these cases is not applicable to the case at bar, the action being at law and in personam to recover a sum of money claimed by the receiver to be due to him under the terms of a contract. Whether the contract is valid or invalid can be determined in an action at law as well as in equity, and a nonresident suing in a federal court is entitled to have the question determined by that tribunal unless it has been finally adjudicated by some other court in an action to which he was a party.

It is further claimed in behalf of the city that the trial court erred in holding that the contract with Bothwell which was set out in the first cause of action was valid, and in sustaining a recovery thereon. Concerning this contention it is only necessary to repeat what has already been said,—that error cannot be assigned as respects the opinion of the trial court, which has found its way into the record, and that, if counsel expected to raise the question respecting the validity of the contract, they should have stated their full objection to it when it was offered, and obtained a distinct ruling as respects its validity and admissibility. This was not done. The bill of exceptions shows that it was objected to when offered only on the

ground that the execution of the contract was authorized by a resolution of the city council, rather than by an ordinance, and that it was "incompetent, irrelevant, and immaterial." The bill of exceptions does not show any distinct ruling as respects these objections, the statement being that it was received "subject to objection." But, even if the bill of exceptions did disclose a distinct ruling upon the first of the above objections, we should be of the opinion that it was untenable, inasmuch as the statutes of Utah did not in terms provide that such agreements as the one here involved should be executed in pursuance of an ordinance and not otherwise, and inasmuch as the contract appears to have been spread at large upon the records of the city, and to have been treated by it as valid for a period of years. Under such circumstances, the fact that the council approved the contract and authorized its execution by a resolution, and not by an ordinance, cannot be regarded as affecting its validity after this lapse of time. Board v. De Kay, 148 U. S. 591, 13 Sup. Ct. 706, 37 L. Ed. 573; Illinois Trust & Sav. Bank v. City of Arkansas City, 40 U. S. App. 257, 22 C. C. A. 171, 76 Fed. 271, 286, and cases there cited. If the further objection to the admission of the contract that it was "incompetent, irrelevant, and immaterial" was intended to mean anything more than that it was incompetent because it had been authorized by resolution, and not by ordinance, then this objection, even if a definite ruling had been obtained thereon, was too general to be of any avail in an appellate tribunal, because it did not advise the trial judge for what further reason it was claimed to be incompetent. Insurance Co. v. Miller, 19 U. S. App. 588, 8 C. C. A. 612, 60 Fed. 254. Obviously, therefore, the question whether the Bothwell contract was invalid is not presented to this court in any such form as would justify us in considering and deciding it.

This disposes of all the objections which have been interposed to the judgment on the first cause of action which we deem it necessary to notice.

The judgment on the second cause of action (being the one involved in case No. 1,493) was obtained before a jury, as heretofore stated; and, as respects this latter judgment, we are of opinion, after an examination of the bill of exceptions which was settled in that case, that the only question open for review on writ of error is whether the second count stated a good cause of action. For convenience, evidently, as well as for the sake of brevity, the pleader who framed the second count adopted all the allegations of the first count up to a certain point, without repeating them in hæc verba. No objection was made to this pleading either by demurrer or otherwise, but in due course an answer was filed by the defendant below which was substantially the same as its answer to the first count; and the two counts were not essentially different, except that the second demanded a judgment for water that had been furnished after the receiver took charge of the waterworks plant. The pleadings remained in this form for more than one year, but after a jury had been impaneled for a trial of the second count the defendant below for the first time interposed an objection to the introduction of any evidence, upon the ground that the complaint did not state a cause

of action. This objection was founded entirely, as it seems, upon the fact that in the second count certain allegations contained in the first count had been adopted by the pleader without reiterating them. It is manifest, we think, that, whether the method of framing the second count was correct or otherwise, the defendant waived any objection thereto by failing to demur to the count, and by answering it precisely as if it had repeated in due form all of the allegations up to a certain point which were contained in the first count. A litigant who intends to object to a pleading on such grounds as the one now under consideration cannot hold the objection in reserve until a jury is impaneled, and then compel a reformation of the pleadings. If the mode of pleading which the plaintiff saw fit to adopt was for any reason unsatisfactory to the defendant, it should have challenged the count in due season by demurrer.

Finding no error in the record of either case, other than as above stated, which can be reviewed on writ of error, the judgments below are affirmed.