## YORK v. WASHBURN.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1904.)

No. 1,891.

1. FEDERAL COURTS—ACTIONS—TRIAL BY COURT—FINDINGS—EFFECT.

Where an action at law is tried to the court without a jury, the finding of the court, given under the circumstances recited in this opinion, and whether regarded as general or special, has the same effect as the verdict of a jury, and prevents any inquiry on appeal as to whether it is sustained by the evidence.

2. OPINION OF TRIAL JUDGE—NOT A SPECIAL FINDING.

An opinion of the trial judge, delivered in writing and setting forth the reasons for his decision, does not, by being copied into the judgment entry, become a special finding of the ultimate facts, in the nature of a special verdict.

**3. Statute of Frauds—State Laws—State Decisions—Rules of Property —Effect in Federal Courts.**

Whether an oral contract for a lease of real property for more than a year, not complying with the statute of frauds of the state where the property is situated, is a nullity or unenforceable only at the election of the parties, is not a question of general jurisprudence or of commercial or mercantile law, but a rule of property, which must be determined in the federal courts according to the decisions of the highest judicial tribunal of the state where such property is located.

**4. Same—Lease for More than a Year—Earnest Money—Recovery.**

An oral contract for the letting of real property located in Minnesota for more than a year, not complying with the statute of frauds of such state, though unenforceable, is not void, and hence the contemplated lessee cannot recover earnest money paid thereon; the lessor being ready, willing, and able to perform.

In Error to the Circuit Court of the United States for the District of Minnesota.

For opinion below, see 118 Fed. 316.

Shubael F. White (Frank F. Price, on the brief), for plaintiff in error.
John G. Williams and W. D. Bailey, for defendant in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

VAN DEVANTER, Circuit Judge. This was an action at law by York to recover back earnest money paid by him to Washburn upon an unperformed agreement for the procurement and delivery of a mining lease of real property for a term of years. Plaintiff's complaint placed his right of recovery upon two grounds—one, that the agreement was oral, and therefore void under the statute of frauds of the state of Minnesota, in which the real property is situate; and the other, that defendant failed and refused to deliver a lease conforming in terms to the agreement. There was no allegation that the agreement left any of the terms of the lease to be settled by further negotiations, or that payment of the earnest money was made under any misapprehension or mistake. In addition to a general denial, the answer, so far as now material, was to the effect that defendant had been ready, able, and willing to deliver to plaintiff a lease conforming in all respects to the agreement, but that plaintiff had refused to accept such a lease, and, for the purpose of avoiding performance of the agreement, and as a mere subterfuge, had insisted upon receiving a lease differing in terms from those agreed upon. The case was tried to the court, the parties having waived a jury by stipulation. The judgment was for defendant. There was no special finding of the facts, and no exception was reserved to the general finding. Nor was there an application or request at the close of the trial for a finding or judgment for plaintiff, in the nature of a request for a directed verdict, based upon some specific proposition of law, or upon the theory that there was no substantial evidence to sustain a finding or judgment for defend-

¶ 3. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

ant. All but one of the assignments of error are to the effect that, upon the evidence, or upon the statements of fact in a written opinion given by the trial judge, the judgment should have been for plaintiff. The assignments seem to be principally directed against portions of that opinion. It was carefully prepared; states the history of the case; quotes from the evidence, and comments thereon; states the judge's conclusions upon the law, with his reasons therefor; sustains defendant's version of the agreement in respect of the terms of the lease, and his claim that he "was ready, willing, and able to obtain and deliver to the plaintiff a lease in conformity with such agreement, and that the plaintiff, without any just cause, failed and refused to accept such lease and carry out the agreement"; and then directs the entry of a judgment for defendant. The opinion was copied into the judgment entry, but it is not, and was evidently not intended to be, a special finding of the ultimate facts, in the nature of a special verdict, such as is contemplated by sections 649 and 700 of the Revised Statutes [U. S. Comp. St. 1901, pp. 525, 570]. Insurance Co. v. Tweed, 7 Wall. 44, 51, 19 L. Ed. 65; Dickinson v. Planters' Bank, 16 Wall. 250, 257, 21 L. Ed. 278; Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481, 37 L. Ed. 373; Reed v. Stapp, 3 C. C. A. 244, 246, 52 Fed. 641; Adkins v. Sloane, 8 C. C. A. 656, 60 Fed. 344; Kentucky, etc., Co. v. Hamilton, 11 C. C. A. 42, 63 Fed. 93; Hinkley v. City of Arkansas, 16 C. C. A. 395, 398, 69 Fed. 768; Minchen v. Hart, 18 C. C. A. 570, 72 Fed. 294; National, etc., Ass'n v. Sparks, 28 C. C. A. 399, 403, 83 Fed. 225, 229; Ogden City v. Weaver, 47 C. C. A. 485, 108 Fed. 564. That which the record discloses is nothing more than a general finding of all the issues in favor of defendant, but, whether the finding be general or special, it has the same effect as the verdict of a jury, and, in the circumstances in which it was given, is conclusive, and prevents any inquiry in this court as to whether it is sustained by the evidence. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Dooley v. Pease, 180 U. S. 126, 131, 21 Sup. Ct. 329, 45 L. Ed. 457; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 127, 22 Sup. Ct. 55, 46 L. Ed. 113; Mercantile Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346; Walker v. Miller, 8 C. C. A. 331, 59 Fed. 869; Hughes County v. Livingston, 43 C. C. A. 541, 555, 104 Fed. 306; Barnard v. Randle, 49 C. C. A. 177, 110 Fed. 906.

The remaining assignment of error challenges certain rulings upon the admission of evidence excepted to by plaintiff, which raise the question whether, if the agreement was in parol, plaintiff could recover back the earnest money, when defendant was not in default, and plaintiff had refused to accept a lease conforming to the agreement. The circuit court answered the question in the negative. The agreement related to real property in the state of Minnesota, and was governed by the law of that state. This is conceded, but counsel differ in their interpretation of the state statute (section 4215, Gen. St. 1894), which provides:

"Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the con-

tract, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized, in writing; and no such contract, when made by such agent, shall be entitled to record unless the authority of such agent be also recorded."

Counsel have made an exhaustive examination of similar statutes in the several states, and of the decisions interpreting them. This research discloses that states having a statute identical with that of Minnesota differ in its interpretation; the difference being that, by the interpretation prevailing in Wisconsin and some other states, an agreement such as is here under consideration "is absolutely void and a nullity," while, by the interpretation prevailing in New York and some other states, the law will lend no aid in enforcing such an agreement, but it is not contrary to law, and the parties are at liberty to act under it. By the first interpretation, the vendee or lessee may, if the agreement be not performed, recover back the money paid, without reference to who is responsible for the default, and as though no agreement had been made. By the second interpretation, no recovery can be had if the vendor or lessor is not in default, but is able and willing to perform the agreement. We are only concerned with the interpretation placed upon the Minnesota statute by the court of last resort in that state. It is a cardinal rule in the courts of the United States that the judicial department of each state is the appropriate organ to construe its legislative enactments, and that in cases depending on the laws of a particular state, and "not controlled by the Constitution, laws, or treaties of the United States, or by the principles of the commercial or mercantile law or of general jurisprudence, of national or universal application," the construction which the highest judicial tribunal of the state has given to the laws of the state is controlling. Elmendorf v. Taylor, 10 Wheat. 152, 6 L. Ed. 289; Christy v. Pridgeon, 4 Wall. 196, 18 L. Ed. 322; Louisiana v. Pilsbury, 105 U. S. 278, 294, 26 L. Ed. 1090; Bauserman v. Blunt, 147 U. S. 647, 657, 13 Sup. Ct. 466, 37 L. Ed. 316; Hartford Ins. Co. v. Chicago, etc., Ry. Co., 175 U. S. 91, 100, 20 Sup. Ct. 33, 44 L. Ed. 84; Chattanooga, etc., Ass'n v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870; First National Bank v. Glass, 25 C. C. A. 151, 79 Fed. 706. The interpretation of a state statute of frauds by the highest court of the state establishes a rule of property, and is within the rule stated. Allen v. Massey, 17 Wall. 351, 21 L. Ed. 542; Lloyd v. Fulton, 91 U. S. 479, 485, 23 L. Ed. 363; Robinson v. Belt, 187 U. S. 41, 23 Sup. Ct. 16, 47 L. Ed. 65. The facts of the present case make Louisiana v. Pilsbury, supra, directly in point. It was there said by Mr. Justice Field:

"The construction, so far as contract obligations incurred under it are concerned, constitutes a part of the law as much as if embodied in it. So far does this doctrine extend, that when a statute of two states, expressed in the same terms, is construed differently by the highest courts, they are treated by us as different laws, each embodying the particular construction of its own state, and enforced in accordance with it in all cases arising under it."

Repeated decisions of the highest judicial tribunal of the state of Minnesota, rendered before this agreement was made, had uniformly

placed upon the statute of frauds of that state an interpretation similar, to that prevailing in New York, and unlike that prevailing in Wisconsin; and, as part of the interpretation adopted in Minnesota, it had become established law in that state that when a vendor, under an agreement for the sale of lands which is within the statute of frauds, because not in writing, is nevertheless willing and offers to perform on his part, but the vendee refuses to perform, and repudiates the agreement, the latter is not entitled to recover an installment of purchase money previously paid. Sennett v. Shehan, 27 Minn. 328, 7 N. W. 266; La Du-King Manufacturing Co. v. La Du, 36 Minn. 473, 31 N. W. 938; McKinney v. Harvie, 38 Minn. 18, 35 N. W. 668, 8 Am. St. Rep. 640; McClure v. Bradford, 39 Minn. 118, 38 N. W. 753; Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156. In Sennett v. Shehan, which was an action much like this, it was said:

"The agreement which the parties entered into in this case was not an illegal one, and therefore incapable of being performed, if they were willing to abide by its terms. The plaintiff voluntarily paid to defendant the sum which he now seeks to recover, as a partial payment upon this contract; and, so long as the defendant is not in default, but is willing and ready to perform on his part, he is not at liberty to rescind the agreement and recall his money because the statute declares the contract to be void as not being in writing."

It is conceded that no question of right under the Constitution, laws, or treaties of the United States arises in this case, but it is insisted by counsel for plaintiff that there is presented a question of commercial or mercantile law or of general jurisprudence, of national or universal application. After citing the cases of Township of Pine Grove v. Talcott, 19 Wall. 666, 22 L. Ed. 227, and Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359, counsel say:

"The real doctrine of the United States Supreme Court is that, where the decision of the state court is right and according to the plain letter of the law, * * * the federal courts must follow the same, but where it is contrary to the plain letter of the statute, * * * or contrary to what the Supreme Court of the United States deems to be the true interpretation of the statute, * * * the federal courts should not follow the state decision."

We think the question presented is one of purely local law, and is not controlled by the principles of the commercial or mercantile law or of general jurisprudence, of national or universal application. The question goes to the legal effect of the agreement, rather than to the meaning of the words or terms in which the parties expressed their mutual undertakings. The agreement related to property the permanent situs of which was in the state of Minnesota. The statute and the decisions of the state court interpreting it have no bearing upon agreements concerning property located elsewhere, and the statute was adopted and the decisions interpreting it were made before the agreement was entered into. We also think the contention of counsel respecting the effect of the decisions of the Supreme Court of the United States is refuted by the decisions cited to support it. The case of Township of Pine Grove v. Talcott involved the validity, in the hands of a bona fide purchaser, of township bonds issued in negotiable form, and in conformity with a state statute subsequently held invalid

by the courts of the state. Speaking through Mr. Justice Swayne, the court said:

"The question before us belongs to the domain of general jurisprudence. In this class of cases this court is not bound by the judgment of the courts of the states where the cases arise. It must hear and determine for itself. Here commercial securities are involved. When the bonds were issued, there had been no authoritative intimation from any quarter that such statutes were invalid. The Legislature affirmed their validity in every act by an implication equivalent, in effect, to an express declaration. And during the period covered by their enactment, neither of the other departments of the government of the state lifted its voice against them. The acquiescence was universal. The general understanding of the legal profession throughout the country is believed to have been that they were valid. The national Constitution forbids the states to pass laws impairing the obligation of contracts. In cases properly brought before us, that end can be accomplished unwarrantably no more by judicial decisions than by legislation." 19 Wall. 677, 22 L. Ed. 227.

In Burgess v. Seligman the question presented for decision was the liability as a stockholder of one who received from the corporation itself, as collateral security for the payment of debts of the corporation, certificates of stock in a corporation organized under the statutes of Missouri. When the transactions occurred out of which the liability, if any, arose, the state statute under which liability was asserted had not been construed by the state tribunals, but thereafter the Supreme Court of Missouri rendered two decisions placing an interpretation upon the statute which was urged upon the Supreme Court of the United States as controlling. In these circumstances, it was said by Mr. Justice Bradley, speaking for the court:

"We do not consider ourselves bound to follow the decision of the state court in this case. * * * Since the ordinary administration of the law is carried on by the state courts, it necessarily happens that by the course of their decisions certain rules are established which become rules of property and action in the state, and have all the effect of law, and which it would be wrong to disturb. This is especially true with regard to the law of real estate, and the construction of state constitutions and statutes. Such established rules are always regarded by the federal courts, no less than by the state courts themselves, as authoritative declarations of what the law is. But where the law has not been thus settled, it is the right and duty of the federal courts to exercise their own judgment, as they also always do in reference to the doctrines of commercial law and general jurisprudence. So when contracts and transactions have been entered into, and rights have accrued thereon, under a particular state of the decisions, or when there has been no decision, of the state tribunals, the federal courts properly claim the right to adopt their own interpretation of the law applicable to the case, although a different interpretation may be adopted by the state courts after such rights have accrued. But even in such cases, for the sake of harmony and to avoid confusion, the federal courts will lean towards an agreement of views with the state courts if the question seems to them balanced with doubt." 107 U. S. 33, 2 Sup. Ct. 21, 27 L. Ed. 359.

It has long been settled, and in the very nature of things it must be so, that the conclusive effect, in the federal courts, of the interpretation of a state statute by the courts of the state, does not depend upon the view which the federal courts may take of the soundness of that interpretation. Christy v. Pridgeon, 4 Wall. 196, 203, 18 L. Ed. 322; Supervisors v. United States, 18 Wall. 71, 82, 21 L. Ed. 771;

Louisiana v. Pilsbury, 105 U. S. 278, 294, 26 L. Ed. 1090; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 155, 17 Sup. Ct. 56, 41 L. Ed. 369; Adams Express Co. v. Ohio, 165 U. S. 194, 219, 17 Sup. Ct. 305, 41 L. Ed. 683; Williams v. Eggleston, 170 U. S. 304, 311, 18 Sup. Ct. 617, 42 L. Ed. 1047; Wilkes County v. Coler, 180 U. S. 506, 524, 21 Sup. Ct. 458, 45 L. Ed. 642; Louisville, etc., Co. v. Kentucky, 183 U. S. 503, 508, 512, 22 Sup. Ct. 95, 46 L. Ed. 298.

The Circuit Court took the correct view of the legal effect of the agreement under the law of the state of Minnesota, by which the rights of the parties must be determined, and properly admitted evidence of defendant's ability and willingness to perform the agreement, and of plaintiff's refusal to do so.

The judgment is affirmed.