KEELEY et al. v. OPHIR HILL CONSOL. MINING CO. et al. (two cases).

(Circuit Court of Appeals, Eighth Circuit. April 9, 1909.)

Nos. 2,838, 2,839.

1. APPEAL AND ERROR (§ 209*)—OBJECTIONS TO EVIDENCE—SUFFICIENCY OF EVIDENCE—NECESSITY OF OBJECTION AT TRIAL.

An assignment that there was no evidence to support the judgment presents a question of law which cannot be reviewed unless presented to and passed on by the trial court by some appropriate action before the end of the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1300, 1302½, 1303; Dec. Dig. § 209.*]

2. APPEAL AND ERROR (§ 850*)—REVIEW—GENERAL OR SPECIAL FINDINGS—DETERMINATION BY COURT—"SPECIAL FINDING."

Rev. St. § 700 (U. S. Comp. St. 1901, p. 570), provides that when an issue of fact in any civil action in the Circuit Court is tried and determined by the court without a jury as authorized by section 649, and the court's finding is special, a review may extend to the sufficiency of the facts found to support the judgment. Held; that an opinion of the trial judge analyzing the facts and applying the law was not a "special finding" of facts within section 700.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 850.*

For other definitions, see Words and Phrases, vol. 7, p. 6576.]

3. APPEAL AND ERROR (§ 273*)—EXCEPTIONS—SCOPE AND EFFECT.

An exception reserved to the "entry of the judgment" is not sufficiently specific to present a question of law that there was no evidence to support the judgment for determination by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 273.*]

In Error to the Circuit Court of the United States for the District of Utah.

W. H. Dickson (William C. Hall and Ellis, Ellis & Schulder, on the brief), for plaintiffs in error.

Edward B. Critchlow (Henry P. Henderson, Frank Pierce, W. J. Barrette, and John P. Gray, on the brief), for defendants in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. These two suits were actions of trespass brought to recover the value of ore alleged to have been mined by the Ophir Hill Consolidated Mining Company from beneath the surface of the "Henrietta" mining claim in the first case, and the "Our Boys" mining claim in the second case.

These claims were alleged to belong to the respective plaintiffs in the two cases. The mining company admitted that it mined ore as charged, but justified its action on the ground that it owned several claims adjoining or in near proximity to the Henrietta and Our Boys claim, and that a certain vein which had its apex within the surface lines of its claims extended vertically down, passed in its dip underneath the surface of the Henrietta and Our Boys claim, and that the ore taken by it was taken from that vein, and therefore belonged to it.

There is no controversy as to the ownership by plaintiffs of their claims or by defendant of its claims as alleged in the pleadings of the respective parties. The chief, if not the only, question, is one of fact whether the vein from which the defendant mined the ore had its apex in defendant's claims. As the two cases involved similar issues, it was agreed that they should be tried together, and, a jury having been duly waived, they were submitted to the court on the evidence produced by both parties. No exceptions were preserved to any of the rulings of the court made during the progress of the trial, and particularly no request was made at the close of the cases for a definite ruling that on all the evidence there must, as a matter of law, be a finding in favor of the plaintiffs. The cases were submitted to the court for a general finding according to the preponderance of the proof, and such finding only was made. On this a general judgment was rendered in each case in favor of the defendants. The only exception as disclosed by the one bill of exceptions, which, by agreement served in both cases, was taken after the entry of the judgment, and in the language of counsel was "to the making and entry" of the judgment. The cases are brought here by writs of error, and the only assignment of error is that there was no evidence to support the judgments. Under this assignment we are asked to examine all the evidence taken on both sides and determine therefrom whether there is any substantial evidence to support the judgments rendered in favor of the defendants.

This is a question of law, one upon which the trial court was not asked to pass, and upon which it never did pass. As this is a court which, in actions at law, can only correct errors committed by the trial court, there appears to be nothing for our consideration.

Section 700 of the Revised Statutes (U. S. Comp. St. 1901, p. 570), reads:

"When, an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury according to section 649, the rulings of the court in the progress of the trial of the cause, being excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal, and

when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

In Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47, the Supreme Court held that:

"Where issues of fact are submitted to the Circuit Court, and the finding is general, nothing is open to review * * * except the rulings of the Circuit Court in the progress of the trial, and the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the Circuit Court nor the conclusions of the Circuit Court embodied in such general finding."

The same conclusion was announced by the Supreme Court in Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; where the former cases are reviewed, and also by this court in the cases of Grattan v. Chilton, 38 C. C. A. 84, 97 Fed. 145, 150; Mc-Master v. New York Life Ins. Co., 40 C. C. A. 119, 99 Fed. 856; Ogden City v. Weaver, 47 C. C. A. 485, 108 Fed. 564; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564; United States Fidelity & G. Co. v. Board of Com'rs, 76 C. C. A. 114, 145 Fed. 144, 151.

The question of law whether on all the proof the judgment can be sustained is not self-assertive. It commands consideration only when raised by counsel by some appropriate motion and on due exception taken to an adverse ruling thereon by the court. In the last-mentioned case this court said:

"The question of whether or not at the close of a trial there is substantial evidence to sustain a finding in favor of a party to the action is a question of law which arises in the progress of the trial. In a trial to a jury it is reviewable on an exception to a ruling upon a request for a peremptory instruction. In a trial by the court without a jury it is reviewable upon a motion for a judgment, a request for a declaration of law, or any other action in the trial court which fairly presents this issue of law to that court for determination before the trial ends."

In that case this court also said:

"The finding of the court was general and was in favor of the defendant. Like a verdict of a jury, it concludes all issues of fact and all mixed questions of fact and law save the questions of law reserved by demurrer, motion, request, or exception."

The exception reserved to the "entry of the judgment" under repeated rulings of this court is not sufficiently specific to present a question of law for determination by an appellate court.

The learned trial judge wrote an opinion analyzing the facts and applying the law, but this opinion is not such a special finding of facts as within the purview of section 700, Rev. St., enables us to review them and determine whether they are sufficient to support a judgment. York v. Washburn, Ogden City v. Weaver, supra.

Certain cases in which the Supreme Court has felt itself at liberty to notice a plain error in a matter vital to defendants in criminal cases have been called to our attention (Wiborg v. United States, 163 U. S. 632, 658, 16 Sup. Ct. 1127, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 221, 25 Sup. Ct. 429, 49 L. Ed. 726), and we are asked by learned counsel for plaintiffs to apply that doctrine to this case. This we are indisposed to do for three reasons: (1) Be-

cause this is not a criminal case wherein rights of personal liberty are at stake or wherein great principles of international law, as in the Wiborg Case, or of constitutional law, as in the Clyatt Case, are involved; (2) because the submission by the plaintiffs' counsel, without protest, of the voluminous evidence taken in this case to the trial court for its consideration and determination, according to the preponderance of proof and the able argument made in support of the finding below, indicates that no plain error was committed; (3) because it is better to adhere to established and well-known rules of practice than to depart from them, even if we are at liberty to do so, except in very exceptional cases where obvious and flagrant injustice will result.

The judgment of the Circuit Court must be affirmed.

It is so ordered.