### JACKSON v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Eighth Circuit. March 24, 1911.)

No. 3,345.

1. **APPEAL AND ERROR** (§ 259*)—REVIEW—FINDINGS OF FACT.

Where no exceptions have been taken to rulings by the court in the progress of the trial, the court's findings of fact are conclusive on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1498–1502; Dec. Dig. § 259.*]

2. **APPEAL AND ERROR** (§ 733*)—ASSIGNMENTS OF ERROR—QUESTION OF LAW.

An assignment that the court should have rendered a judgment for plaintiff on the pleadings presents a question of law for review on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

3. **PLEADING** (§ 349*)—ACTION ON POLICY—CONSTRUCTION.

In an action on a policy providing for quarterly premiums, and giving 30 days, called "grace," within which premiums may be paid after a date specified, plaintiff pleaded that prior to the maturity of the premium on August 8, 1903, an extension of 60 days was granted, and that on October 5th following a tender of the premium was made and refused. Defendant denied an extension to October 8th, and followed with a denial of any extension "for any other period of time except a 60-day extension from July 8, 1903." Held, that such allegation did not constitute an admission as a matter of law that the 60-day extension should be supplemented by the 30 days of grace, so as to entitle plaintiff to judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 349.*]

4. **INSURANCE** (§ 349*)—POLICY—CONSTRUCTION—FORFEITURE.

Where by a life policy the insurer's obligation to pay was based on the condition that the annual premium should be paid in advance on the delivery of the policy, and thereafter to the insurer on specified dates in every year during the continuance of the contract, the fact that the policy did not contain an express provision for forfeiture did not preclude a defense of forfeiture for nonpayment of premiums within the time specified.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 891; Dec. Dig. § 349.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. APPEAL AND ERROR (§§ 959, 969*)—MATTERS OF DISCRETION—REVIEW.

Denial of requests to amend the petition and its amendments, and that the trial court make a special finding of facts, in the exercise of the trial court's discretion, would not be interfered with on a writ of error, unless the discretion was abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3825; Dec. Dig. §§ 959, 969.*]

6. PLEADING (§ 236*)—AMENDMENT—APPLICATION FOR LEAVE—DENIAL—DISCRETION.

Where the trial judge had carefully considered all the questions sought to be presented by proposed amendments to the petition, his refusal to permit the amendment, application for which was not made until 40 days after the entry of final judgment, was not an abuse of discretion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

7. TRIAL (§ 392*)—SPECIAL FINDINGS—REQUEST—TIME.

A request that the trial judge sign special findings of fact, not made until 40 days after the entry of final judgment, was too late.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 917; Dec. Dig. § 392.*]

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Sarah A. Jackson against the Mutual Life Insurance Company of New York. Judgment for defendant, and plaintiff brings error. Affirmed.

J. T. Allensworth, for plaintiff in error.

John S. Dean (James McKeen, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

ADAMS, Circuit Judge. This was a suit in five counts on five separate policies of insurance on the life of Don W. Jackson, who died October 13, 1903. The defense was that the policies lapsed by the nonpayment of premiums of $13.30 on each policy, which fell due July 8, 1903. By way of anticipating this defense the beneficiary, Sarah A. Jackson, plaintiff in error, in her amended and second amended petitions alleged:

"That prior to the date when the July 8, 1903, premium became due and payable by the terms of said policies, the said defendant company granted an extension of 60 days' time to the said Don W. Jackson for the payment of the July 8th extension, by *the terms thereof and the conditions of said policies;* and on, to wit, the 5th day of October, 1903, one J. D. Hutchings made full and complete tender thereof, together with all subsequent premiums, as above alleged, which said tender was wholly refused by said company as aforesaid; * * * that the 60-day extension for the payment of the July 8, 1903, premium, as therein alleged, was granted both by written and oral communication from said defendant company, and took effect and began on the 8th day of August, 1903, and expired on the 8th day of October, 1903."

The defendant denied:

"That it extended the time for payment of the quarterly premiums due on said policies from the 8th day of August, 1903, to the 8th day of October, 1903, as alleged in said original and amended petition, nor for any other period of time, except a 60-day extension from July 8, 1903."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A jury was duly waived, and the cause submitted to the court on the proof taken. A general judgment, without any finding of facts, was rendered in favor of the defendant. No exception was taken to any ruling of the court in the progress of the trial on the admission or exclusion of evidence or otherwise. Neither was there any request for a ruling upon the legal sufficiency or effect of the evidence.

A certain definite issue of fact was joined in the case, whether the agreement of the parties, taken in connection with the terms and conditions of the policies, extended the time of payment of the July premium to September 8th or October 8th. The trial court heard the proof, both oral and written, and from it all found and decided that the extension was to September 8th only.

[1] No exceptions having been taken to any rulings of the court in the progress of the trial, the finding of this fact is conclusive. No question of law is presented for review. Hughes County v. Livingston, 43 C. C. A. 541, 104 Fed. 306; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564, and cases cited.

[2] But it is assigned for error that the court should have rendered a judgment for plaintiff on the pleadings. This presents a question of law for our consideration. Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373.

[3] The policies gave 30 days, called "days of grace," within which premiums might be paid after the times specified for their payment. In view of this provision, it is contended that that part of defendants' answer following its denial of the alleged extension to October 8th, wherein it is said, "Nor for any other period of time except a 60-day extension from July 8, 1903," was an averment that the admitted extension of 60 days should be supplemented by the 30 days of grace, and, as so supplemented, would extend to October 8th.

We think this is far-fetched. Pleadings must receive a rational construction. The obvious purpose of the defendant's answer was to deny the allegation of the petition that there had been an extension of time given the insured to pay the July premium until October 8th. This became an issue of fact. It was so treated by the parties. There was no motion for a judgment on the pleadings; but, on the contrary, oral and written evidence was heard and supplemented by some conditions of the policies, and the cause was submitted for the final decision of the court on the issue joined.

[4] The policies sued on were incorporated in the petition, and they disclose that no provision for forfeiture upon nonpayment of premium is found in them. Accordingly the further contention is made that, even if there was a default in the payment of the July premium, the right of recovery exists. This is on the ground that the covenant to pay is independent, and its violation entitled the company to an action to recover the premiums, or, upon the maturity of the policy, to deduct them from the amount to be paid. We cannot give our assent to this contention. By the terms of the policies the obligation of the company to pay is "upon the following condition":

"* * * The annual premium of fifty dollars and eighteen cents [afterwards divided into quarterly premiums of $13.30 each] shall be paid in advance on the delivery of this policy, and thereafter to the company at its

186 F.—29

head office in the city of New York, on the 8th day of October [afterward on the 8th days of October, January, April, and July] in every year during the continuance of this contract."

It is thus seen the promise to pay is conditioned upon the premiums being paid as and when due. The fact that no express provision of forfeiture is made is of no importance. The obvious and necessary interpretation of the contract, if the business of insurance is to be conducted at all, is that the obligation of the company to pay the amount promised depended upon the payment of the premiums reserved. If the premiums were not paid, the obligation, according to the plain import of the contract, ceased.

In Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 559, 24 Sup. Ct. 538, 541, 48 L. Ed. 788, a case was under consideration where the insured failed to pay the premiums, and continued such failure for four years prior to his death. An action was nevertheless brought to compel the same performance by the insurance company which would have been due if the insured had paid his premiums. The court said:

"It is simple justice between two parties to a contract containing depending stipulations that neither should be permitted to exact performance by the other without having himself first performed. * * * Courts have always set their faces against an insurance company which, having received premiums, has sought by technical defenses to avoid payment, and in like manner should they set their faces against an effort to exact payment from an insurance company when the premiums have deliberately been left unpaid."

[5] On August 25, 1908, 40 days after the entry of final judgments in the case the plaintiff requested leave to amend the "amended petition," and also the "amendments to the amended petition," to conform, as she says, to the facts proven at the trial, and also on the same day requested the court to make a special finding of facts in the case. These requests were denied by the trial court, and that action is assigned for error. The granting of these requests rested in the sound discretion of the trial court. Unless that was abused, we cannot interfere. [6] The delay in making the requests after the conclusion of the trial, as well as the fact, apparent from the opinion of the learned trial judge, that all of the questions sought to be presented in the proposed amendment had been carefully considered by him, make it certain that there was no abuse of discretion in not opening up the case again.

[7] The request for a special finding of facts also came late. It was optional with the trial judge, even at the close of the trial, to make a special or a general finding as to him seemed best. Declining to make a special finding, under the circumstances of this case, was a reasonable exercise of discretion.

Finding no error in the proceedings below, the judgment is affirmed.