### MARYE *v.* STROUSE.

*(Circuit Court, D. Nevada.   July 5, 1880.)*

1. MOTION—APPEARANCE.
   A general appearance and consenting to a continuance is a waiver of irregularity in the notice.

2. INTEREST—ACCOUNT STATED.
   An account stated is a new promise, and not a promise to pay any particular item which went into it.

3. FINDING OF FACT.
   After a general finding of fact, judgment thereon, and the lapse of a term, special findings cannot be added to or substituted for the general finding.

4. SAME.
   A circuit court is not bound to make a special finding.

5. BILL OF EXCEPTIONS.
   Notwithstanding the rule of court requiring a bill of exceptions to be drawn up within 10 days after the trial, a case may be excepted from its operation when it is just to do so.

Motion for New Trial.

*Kirkpatrick & Stephens* and *Lewis & Deal*, for plaintiff.

*B. C. Whitman* and *Jonas Seely*, for defendant.

HILLYER, D. J.   This cause was tried at the last term of this court without the intervention of a jury.   On the twentieth day of January, 1880, the court filed a general finding of fact in favor of the plaintiff, upon which judgment was entered the same day.   A stay of proceedings for 20 days was granted to enable the defendant to file a bill of excep-

tions or take such action as he should be advised. No bill of exceptions was prepared within the time allowed nor at the term in which judgment was entered. No request for a special finding of facts was made at that term. Rule 23 of this court requires all notices of motions for new trials to be given within 10 days after the rendition of the decision sought to be set aside.

On the twenty-eighth of January, 1880, one B. C. Whitman, an attorney of this court, made and served a notice of motion for a new trial. Prior to that date, and at that time, the only attorney of record for defendant had been and was Jonas Seely.

On February 11, 1880, a further order was made staying execution until a decision upon the motion for a new trial. The March term of this court began on the fifteenth of that month. By rule 25 of this court a party is not required to prepare his bill of exceptions at the trial, but within 10 days thereafter the bill must be drawn up, filed, and served. At the trial the exceptions taken under the rule are to be reduced to writing and delivered to the judge. On the ninth of April, 1880, at the time the motion for a new trial came up for argument, the defendant's attorneys presented and asked the judge to allow and seal as correct a document entitled "Bill of Exceptions." They also at the same time presented a paper called "Special Finding of Facts," and asked that it be signed and made a part of the record. The motion for a new trial came up first regularly for hearing on the first Monday of March, and at that time the plaintiff appeared, and, without any objection to the notice, consented to a continuance.

Admitting, what is doubtless correct, that the notice was insufficient, I still am of the opinion that this general appearance on the part of plaintiff must be considered a waiver of the want of due notice. In its nature it resembles the summons issued at the commencement of the suit, and a general appearance is a waiver of all irregularities in the service of a summons. The motion being thus now properly before the court, the grounds of it are to be considered.

At the trial the three principal questions discussed were—

*First,* whether the pass-book, under the circumstances, amounted to an account stated; *second,* whether there had been such an appropriation of payments as closed inquiry in reference to the rate of interest charged to defendant by Frankel & Block; *third,* whether the contract for the 500 shares of Franklin stock was an entire contract. Upon these points I have considered everything said in argument and put into briefs. My opinion on none of them is changed. One argument now urged by defendant deserves notice because it was not made before. It is this: The statute of Nevada does not allow a recovery of interest at a greater rate than 10 per cent. per annum unless the agreement therefor is in writing. The stated accounts contain items for interest at a greater rate. The promise implied from a statement of accounts is a verbal promise, and hence cannot be enforced for the interest. The answer to this argument is, in my judgment, this: The account stated is a new contract between the parties. A balance is found against one, and he agrees to pay that balance, not the items which may have entered into it. No inquiry is permitted in regard to the items except there has been fraud or a clear mistake, and neither of these is claimed in this case.

The promise, then, implied from the account stated, is a new one to pay a definitely-ascertained amount, and is, in no just sense, an agreement to pay interest at 2 per cent. per month.

It is also now argued that the following errors of law occurred at the trial: After the witness Frankel had stated that the rate of interest charged to defendant in the account was 2 per cent. per month, he was asked by counsel for plaintiff: "Was that the usual rate of interest among brokers and bankers in Virginia?" Counsel for defendant objected on the ground that it called for incompetent testimony. The objection was overruled, and defendant excepted. The witness then answered: "I had to pay that rate myself." No objection was made to the answer, nor any motion to strike it out.

The answer was not responsive to the question, and did

not tend to prove a custom. It would have been stricken out on motion. The proof of custom sought to be made would have been material only as tending to show that the defendant knew the rate he was charged, and for that purpose I still think it would have been proper. But, if error, it is plain the defendant was in no way injured by allowing the question to be answered.

The other exceptions noticed in the proposed bill of exceptions do not appear to have been in fact taken. Neither the judge's nor reporter's notes, nor the minutes of the court, nor any writing pursuant to the twenty-fifth rule of this court, show any such exceptions to have been made. It follows that the motion for a new trial must be overruled.

Two questions of considerable importance, as affecting the practice of this court, remain. The first is whether, after a general finding of fact, judgment thereon, and the lapse of a term of court, special findings can now be substituted for, or added to, the general finding. Counsel insist that this court was bound to make a special finding of facts, because a statute of Nevada requires the judge who tries a cause without a jury to state the facts and conclusions of law separately, (Comp. Laws, § 1243,) which statute, it is said, must be considered as adopted by the act of congress conforming the practice and mode of procedure in United States courts to that in the state courts. It has always been held in this court that all such matters as have been regulated by congress expressly, are to be taken as the rule of action in case of conflict with a state statute. But, however this may be, the point in question has been settled by the supreme court, and it is idle to discuss it further. The circuit court is not required to make a special finding, even when requested to do so. *Ins. Co.* v. *Folsom,* 18 Wall. 249.

The act of March 3, 1865, (section 649, Rev. St.,) allows the finding to be either general or special. If an application for special findings had been made at the trial, it would doubtless have been granted; but I do not see how, consistently with the rules of law governing amendments of judgments and records, such a finding of facts can now be made and

filed as part of the record in this case. In cases in which amendments of the record have been permitted, it has been done to supply some defect, and to conform it with the truth or the real intention of the court. But in the present case there is no defect in the record. It speaks the truth, and is exactly that which the court intended it should be.

The general finding of the issues of fact in favor of the plaintiff satisfies the requirements of section 649, and was made and signed by the judge, and intended to be a general, as distinguished from a special, finding. Here, then, there is no defect, no mistake, no error; "the record conforms to and exhibits the truth." A special finding of facts, if signed and allowed to be filed now, would contradict the record. The judgment of this court was based upon a general, not a special, verdict. There is nothing in this record by which the amendment asked can be made. In the case of *Ins. Co.* v. *Boon,* 95 U. S. 117, there was no technical finding of facts, general or special, and there was therefore a defect in the record. The opinion read on the decision, and filed, contained the statement of facts upon which the judgment was based. "All that was wanting to make it a sufficient special finding," say the court, "was that it was not entitled 'finding of facts.'" I see nothing in that case to warrant the course asked in this. That was the correction of a defect in the record in conformity to the truth, by the aid of the opinion of the judge; this would be a change of the record not in accordance with, but in contradiction of, the truth. The prayer that special findings of fact be signed and filed *nunc pro tunc,* as of the November term, must be denied.

The other question is whether a bill of exceptions can now properly be sealed and filed for the first time. Notwithstanding the rule of this court prescribing the time within which bills of exception must be drawn up, it is undoubtedly within the power of the court to except a particular case from its operation whenever it is just to do so. *U. S.* v. *Breitling,* 20 How. 252. At the time judgment in this case was rendered, the defendant's attorney was absent in Colorado, and I am disposed, under all the circumstances to allow a proper

bill of exceptions at this time. But one exception was actually taken and saved at the trial, which is the one before noticed. Only such as are so saved can be included in a bill of exceptions. *U. S.* v. *Breitling, supra.*

During the trial the plaintiffs were allowed to amend by adding to their complaint a number of counts on accounts stated. These amendments are all put into the bill as proposed by defendant, but are not properly there. The amendments are all matters of record, and no bill of exception is needed to bring them on the record. The bill as prepared also contains a statement of all the testimony in the case. This cannot avail as a special finding of facts. *Norris* v. *Jackson,* 9 Wall. 125. Only so much of the evidence as is necessary to point the exception ought to be included in the bill.

A bill embracing the exception stated will, if desired, be sealed and filed.