McCORMICK, Circuit Judge.
This is an action of trespass to try title to lands described in the petition. The defendants who answered pleaded the statutory plea,—not guilty. By a stipulation in writing the parties waived a jury, and consented that the matters of law and of fact should be tried by the court. No exceptions were reserved to any action of the judge on exceptions to the pleadings, nor on objection to the admissibility of evidence. There was a general finding and judgment for the defendants. The plaintiffs prosecute this writ of error, and in their assignment say that in the record and proceedings in the circuit court there is manifest error, in this, to wit: First, because the judgment rendered by said court on the 8th day of October, 1894, is contrary to the law and the evidence (stating the evidence relied on); second, because the court committed a material error in refusing to grant the plaintiffs’ motion for a new trial. The second error we do not consider, because such action of *740 the court is not reviewable. The first error we cannot consider, b cause the judge made no special findings of fact, and, as far as tbi record discloses, committed no error in the admission or rejection o testimony, and the pleadings are sufficient to support the judgment City of Key West v. Baer, 30 U. S. App. 140, 13 C. C. A. 572, an 66 Fed. 440. The plaintiffs in error insist that the bill of exception which is brought up in this record is substantially a statement of th special findings of fact made by the trial judge. We do not so construe it. It purports to be a bill of exceptions. Its opening words are:
“Be it remembered that upon the trial of the above-entitled cause, the following facts being established by the testimony, to wit”
And its concluding words are:
“And thereupon the court rendered judgment against the plaintiffs, and thereafter the plaintiffs moved the court, on the grounds stated in their motion, for a new trial, which motion the court overruled, as appears by record herein, to which judgment the plaintiffs in open court excepted, and now tender this-their bill of exceptions hereinbefore fully stated, and ask that the same be allowed by the court, and filed as a part of the record in this cause.
“W. M. Merchant,
“Attorney for Plaintiffs [naming them].
“Signed this 18th day of October, 1894. T. S. Maxey, Judge.”
Between this opening and closing of the bill of exceptions there appears an extended statement of the evidence submitted on the trial, embracing over 50 pages of the printed record; but no note of any exception occurs, nor does it appear that the evidence detailed was all the evidence submitted on the trial. It is manifest upon the face of the paper that it was not the intention of the trial judge to pronounce special findings of fact in the terms which make up this bill of exceptions. It is clear to us that it was not his intention to make any special findings of fact, and that he did not in fact make any. Under the settled rule of this court, and of the supreme court of the United States, construing the statute providing for trials before the judge without a jury when a jury is waived by a stipulation in writing signed by the parties, the record in this case shows nothing that may form a basis for review by this court of the judgment of the circuit court That judgment is therefore affirmed.