FALES v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1899.)

No. 748.

REVIEW ON APPEAL—CASE TRIED TO COURT—SPECIAL FINDINGS OF FACT.
   Special findings of fact made by a circuit court in an action tried without a jury, by written stipulation, according to Rev. St. § 649, are conclusive on the circuit court of appeals, where the record does not contain all the evidence, so as to enable that court to determine that they are not supported by any evidence; and in such case the review is limited by section 700 to the rulings of the court in the progress of the trial, duly excepted to, and a determination of the sufficiency of the facts found to support the judgment.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

George W. Radford, for plaintiff in error.
Herbert L. Baker, for defendant in error.

Before TAFT and DAY, Circuit Judges.

DAY, Circuit Judge. This action was brought against the insurance company to recover certain moneys alleged to have been paid to the company, upon two grounds, set forth in the plaintiff's declaration filed in the circuit court. The first is in substance: That the defendant company, on or about the 8th day of May, 1889, solicited and obtained from the plaintiff his written application for two policies of life insurance to be issued upon the life of the plaintiff for the sum of $25,000 each, the annual premium to be paid on the policies being $1,230 each, or for the two the sum of $2,460. The defendant, it is averred, at the time of obtaining the application, as a part thereof, and as a special inducement for obtaining the same, orally agreed that after the policy was issued, and after the expiration of the first year, it would allow the plaintiff a reduction on the annual payment

of said premium on said policies of an amount equal to one-tenth of 1 per cent. of the annual premiums paid on the new insurance written by the defendant in the state of Michigan during the year ending December 31, 1889; and the defendant, at the same time, orally agreed with plaintiff that said one-tenth of 1 per cent. should equal or exceed one-half of said annual premiums of $2,460 as provided in said policies to be paid as aforesaid, and that, in consequence of said reduction in said premium on said two policies which the plaintiff would have to pay to keep the policies in force, the second and all succeeding premiums should not exceed one-half the premium provided in such policies; and the defendant also agreed with the plaintiff that, in case the policies were issued, it would deliver to the plaintiff, in addition to and separate from the agreement provided in its policies, the written agreement of the defendant, duly executed, containing the special agreements providing for the special reduction on annual premiums as above set forth. That, in consequence of said agreement, plaintiff, at the time of signing said application, to wit, on or about the 8th day of May, 1889, paid in advance to said defendant, at the defendant's request, the sum of $2,460, being the first annual premium on said policies. That thereafter, on or about the 25th of May, 1889, the plaintiff received from defendant two certain policies of insurance, containing substantially the terms agreed upon named in the application, said policies showing on their face an  annual premium of $2,460, without reduction, but said defendant did not deliver to said plaintiff the special written agreement containing the conditions and agreements agreed upon as aforesaid regarding the second and succeeding annual premiums on said policies, and, because said special agreement was not so delivered to the said plaintiff with said policies, the plaintiff refused to accept said policies, and so notified said defendant, and at the same time requested the delivery of said agreement, and that said defendant refused to deliver said agreement to plaintiff. Because of the refusal to deliver said special agreement, plaintiff has not accepted said policies, and on or about the 9th day of July, 1889, returned the policies to the defendant, and thereupon demanded of the defendant payment of the sum of $2,460, which sum the defendant refused to pay. As a further ground of recovery, it is set up that, because of said failure of defendant to deliver said agreement as above set forth, this plaintiff did, on or about the 9th day of July, 1889, return said policies to said defendant, and demanded repayment of said sum of $2,460, and at the same time giving notice that, if this sum of money was not repaid to plaintiff on or before July 15, 1889, this plaintiff would bring suit. That thereafter, on or about the said 15th day of July, 1889, the defendant requested plaintiff to delay the bringing of said suit until the 25th day of July, 1889, and that in consideration of the granting of said delay by plaintiff the defendant would pay, or cause to be paid, to plaintiff, on or before July 25, 1889, the sum of $2,460; and that plaintiff agreed not to bring suit before July 25, 1889, and plaintiff did not bring suit before said time. Although the 25th day of July has long since passed, the defendant has failed to pay said sum, though often requested so to do. The insurance company pleaded the gen-

eral issue, and the case went to trial without the intervention of a jury, the same being waived by written stipulation of record, and the issues were submitted to the court. The court found for the defendant, and entered judgment accordingly. The court also found its conclusions of law and fact, as requested by the parties.

Section 649 of the Revised Statutes provides that a jury may be waived, and the issues of fact tried by the court upon written stipulation. Section 700, Id., provides for the reviewing of the judgment so rendered. This section is as follows:

"When an issue of fact in any civil cause in a circuit court is tried and determined without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon an appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

An examination of the findings of the court discloses that the issues were found against the plaintiff on both of his alleged causes of action. The court found that the agreement was not as claimed in the first ground of complaint, but that at the time the insurance policies were delivered to the plaintiff, which the court finds the plaintiff accepted, the separate written agreement, in accordance with the company's contract through its representative, was delivered, agreeing to allow plaintiff, in the reduction of the second and succeeding annual premiums, an amount equal to one-tenth of 1 per cent. of the annual premiums paid on the new insurance written by the company in the state of Michigan for the year ending December 31, 1889. The court finds that this written agreement, and not the agreement set forth in the declaration, was in accordance with the preceding oral agreement of the parties, and that it gave to the plaintiff all the rights that had been stipulated for, and the court finds:

"I find that the plaintiff intended to and did accept the said policies unconditionally on the 25th day of May, 1889. And I find, as a matter of law, that the plaintiff thereupon became insured under said policies, and the defendant became liable to plaintiff for the amount of the insurance in case of his death during the continuance of the policies; that the plaintiff, having thus received the benefit of a part of the consideration for which the premiums were paid, could not afterwards recover back the premiums from the defendant. In view of the foregoing findings, it becomes unnecessary for the decision of this case to consider the questions relating to the separate agreement by which an allowance was to be made to the plaintiff in reduction of his annual premiums after the first year. Whether that agreement was what the plaintiff claims it to have been is immaterial in this case; for, in either event, it could not enable the plaintiff to recover the premiums paid, which is all that is sought in this case. The terms of that agreement could become material only in a suit to recover damages for breach of the agreement after the defendant had failed to perform it. At the time of the commencement of this suit there had been no breach of that agreement, and, in fact, there could be no such breach until after the expiration of the first year of insurance, which would be several months after the commencement of this suit. There is now no pretense or claim that the plaintiff, after the first year of insurance, sought to avail himself of the special agreement, or that the defendant was guilty of any breach of it."

The court makes further special findings as to certain details connected with this first ground of complaint, not necessary to be herein

repeated, as the findings cited are conclusive upon the questions of fact as to the right of plaintiff to recover on this cause of action. With regard to plaintiff's claim on the second count, the court finds, among other things, that the defendant had not promised to return the premiums as claimed by plaintiff, and that the agent Perkins, who it was claimed made such an agreement, had no authority to enter into such an agreement, and that said Perkins did not make such an agreement on the part of the company to return the premiums. There was no claim, so far as disclosed in the record, that the agreement was made by any one other than Perkins, and the court conclusively found that Perkins not only had no authority to make the agreement, but in fact did not make it. These findings of fact, under the practice in this court, we deem conclusive. The record does not undertake to set forth all of the testimony, so that we could not undertake to investigate any of the special findings of fact with a view of determining whether there was an entire absence of testimony to support them. The findings of fact in this case, in accordance with the repeated decisions of this court, being conclusive in the reviewing court, there can be no doubt as to the correctness of the judgment, which must follow, as matter of law, for defendant. The rule controlling this case has been stated in Insurance Co. v. Hamilton, 11 C. C. A. 42, 63 Fed. 93; Humphreys v. Bank, 21 C. C. A. 538, 75 Fed. 855; and American Credit Indemnity Co. v. Athens Woolen Mills, 34 C. C. A. 161, 92 Fed. 581. In Humphreys v. Bank, supra, Judge Taft, who delivered the opinion of this court, said:

"When a party in the circuit court waives a jury, and agrees to submit his case to the court, it must be done in writing; and if he wishes to raise any question of law upon the merits in the court above he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and, if he wishes to except to the conclusions of law drawn by the court from the facts found, he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits. A general finding in favor of the party is treated as a general verdict. A general verdict cannot be excepted to on the ground that there was no evidence to sustain it. Such a question must be raised by a request to the court to direct a verdict on the ground of the insufficiency of the evidence. If the views which the court takes of the law are deemed to be prejudicial to a party, he is required to except to the charge at the time that it is delivered, indicating those parts of it to which he objects. Where a cause is submitted to the court, however, the court cannot, in the nature of things, charge itself, and therefore no opportunity is presented to the party objecting to the views which the court entertains of the law to take his exceptions, unless he procures a special finding of fact to be made and special conclusions of law to be drawn therefrom. We regret that, in a number of cases brought before us, the submission of a law case to a court upon stipulation has proved a trap to counsel in this court, and we say what we have with the hope that it may direct the attention of those who shall bring cases here in the future to the fact that great care must be taken in the preparation of a case for error proceedings when no jury intervenes."

We are therefore limited to an examination of the alleged assignments of error upon the rulings of the court in the progress of the trial, as shown in the bill of exceptions. Humphreys v. Bank, supra.

An examination of these assignments of error shows that, with one exception, they relate to the admission or rejection of testimony concerning the alleged contract with Perkins for the return of the amount of the premiums paid in consideration of the agreement to delay suit. As the circuit court found, as a matter of fact, that Perkins had no authority to make such an agreement, it becomes immaterial to inquire further as to the correctness of the rulings of the court upon these matters of testimony, relating, as they do, to the issue of whether the contract was made as alleged in the second count of the declaration, which the court finds Perkins had no authority from the company to make. The other assignment of error as to admissibility of testimony is as to the cross-examination of the plaintiff by a question which was put to him, and which, so far as the record discloses, he did not answer, although the court ruled that he should. We find no error in the record. The judgment of the court below will be affirmed, with costs.