NATIONAL SURETY CO. v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court of Appeals, Sixth Circuit. April 28, 1906.)

No. 1,506.

WRIT OF ERROR—REVIEW—ACTION TRIED TO COURT.

Where an action at law is tried without a jury under Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570], and only a general finding is made, and the ultimate facts are not agreed upon by the parties, there can be no review of the question whether the judgment is supported by the facts found, and, unless exceptions are taken to the rulings made during the trial, there is no question which can be reviewed by the appellate court.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Guy W. Mallon, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit upon a bond given by the surety company, plaintiff in error, to secure the performance of a contract made by "F. M. Pease, Incorporated," with the railway company, defendant in error, by which the latter agreed to sell, and Pease to buy, 20 old locomotives; 16 at $3,500, and 4 at $3,000 each. Pease took and paid for all of these locomotives except six, which the railway company, after notice to him and the surety company, sold at

public auction, charging them with the difference. The contract price being $20,500 and the proceeds of the sale $11,150, there was a deficiency of $9,350, for which, adding $25, the expense of the sale, making $9,375, with interest, the suit was brought and judgment rendered. By a stipulation in writing filed with the clerk, a jury was waived and the case submitted to the court under sections 649 and 700, Rev. St. [U. S. Comp. St. 1901, pp. 525, 570]. The defense was that the railway company, without the knowledge or consent of the surety company, altered the contract in certain material respects. All the testimony appears in the bill of exceptions contained in the record, but no exceptions to the rulings of the court in the progress of the trial are presented, and no special findings were requested or made. The court, at the conclusion of the evidence and arguments, delivered an opinion in which it gave its general finding in favor of the plaintiff, with the reasons for such conclusion. To this the counsel for defendant excepted, and, upon the strength of such exception, we are asked to review the findings of fact and law which are claimed to be involved in the general conclusion reached.

In our opinion, the record raises no questions which are open to revision by us. The opinion of the court, in the absence of aid outside the record, cannot be treated as a sufficient finding of the facts within the statute to warrant us in reviewing the judgment based upon it. Insurance Co. v. Tweed, 7 Wall. 44, 51, 19 L. Ed. 65. Section 649, under which this case was tried without the intervention of a jury, provides that "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Here the finding was general, and, like the verdict of a jury, must be taken as settling all questions of fact; there being no power in this court to review the weight of the evidence. Moreover, section 700 provides that when an issue of fact is tried by the court without the intervention of a jury, under section 649, the rulings of the court in the progress of the trial, if excepted to at the time, may be reviewed, "and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." In other words, if there be no special finding, as in the case before us, and the ultimate facts are not agreed upon by the parties (Wilson v. Merchants' Loan & Trust Co., 98 Fed. 688, 39 C. C. A. 231, 233), there can be no review of the question whether the judgment is supported by the facts found. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; British Queen Mining Co. v. Baker Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; St. Louis v. Western Union Tel. Co., 166 U. S. 388, 390, 17 Sup. Ct. 608, 41 L. Ed. 1044, and cases cited therein; Ky. Life Insurance Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42; Humphreys v. Third Nat. Bk., 75 Fed. 852, 21 C. C. A. 538; Fales v. N. Y. Life Ins. Co., 98 Fed. 234, 39 C. C. A. 38.

Judgment affirmed.