JOLINE et al. v. METROPOLITAN SECURITIES CO.

(Circuit Court, S. D. New York. October 14, 1908.)

TRIAL (§ 388*)—TRIAL BY COURT—SPECIAL FINDINGS.

In an action at law tried in a circuit court without a jury by stipulation under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), the defeated party is entitled to have the court make special findings of fact when it is doubtful under the decisions whether he could otherwise properly present to an appellate court the questions of law involved.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 908; Dec. Dig. § 388.*]

---

Masten & Nichols (Joseph H. Choate, Arthur C. Masten, and Robert C. Beatty, of counsel), for plaintiffs.

Cravath, Henderson & De Gersdorff (Paul D. Cravath, Joseph C. Cotton, Jr., and Cortlandt P. Anable, of counsel), for defendant.

WARD, Circuit Judge. In this case, tried before me, a jury was waived in writing, and I have directed judgment to be entered for the plaintiffs. 164 Fed. 144. The defendant now requests me to make special findings of fact on the ground that under a general finding it will not be able to raise important questions of law if the case reaches the Supreme Court. On the other hand, the plaintiffs insist that these questions may be raised by exceptions to the refusal to dismiss the complaint on the merits and to the court's answers to propositions of law to be submitted. They say, further, that special findings should not be made because the judgment they have recovered will be imperiled on account of the difficulty of making findings that will pass muster in the courts. The relevant statutory (Rev. St.) provisions are:

"Sec. 649. Issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.

"Sec. 700. When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." (U. S. Comp. St. 1901, pp. 525, 570).

Justice Miller, in the case of Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608, formulated certain rules under the foregoing provisions, the relevant ones being:

(1) "If the verdict be a general verdict, only such rulings of the court in the progress of the trial can be reviewed as are presented by a bill of exceptions or as may arise on the pleadings."

(3) "That if the parties desire a review of the law involved in the case they may either get the court to find a special verdict which raises the legal propositions, or they must present to the court their propositions of law and require the court to rule on them."

The same views were expressed by Justice Blatchford in St. Louis v. Rutz, 138 U. S. 226, 11 Sup. Ct. 337, 34 L. Ed. 941; by Justice Brewer in St. Louis Co. v. Western Union Telegraph Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380, and Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373. On the other hand Justice Bradley in Dirst v. Morris, 14 Wall. 484, 20 L. Ed. 722, said:

"But as the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error except for the wrongful admission or rejection of evidence."

Justice Clifford in Insurance Co. v. Folsom, 18 Wall. 237, at page 253 (21 L. Ed. 827) said:

"Requests that the court would adopt conclusions of law were also presented by the defendants in the nature of prayers for instruction, as in cases

where the issues of fact are tried by a jury which were refused by the circuit court and the defendants also excepted to such refusals. None of these exceptions have respect to the rulings of the court in admitting or rejecting evidence, nor to any other ruling of the circuit court which can properly be denominated a ruling in the progress of the trial, as every one of the refusals excepted to appertain to some request made to affect or control the final conclusion of the court as to the plaintiff's right to recovery. Such requests or prayers for instruction, in the opinion of the court, are not proper subjects of exception in cases where a jury is waived and the issues of fact are submitted to the determination of the court."

And he said in Cooper v. Omohundro, 19 Wall. 65, at page 69 (22 L. Ed. 47), speaking of that case:

"Our decision in that case was that, in a case where issues of fact are submitted to the circuit court and the finding is general, nothing is open to review by the losing party under a writ of error except the rulings of the circuit court in the progress of the trial, and that the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the circuit court nor the conclusions of the circuit court embodied in such general finding, which certainly disposes of the exceptions to the refusals of the circuit court to decide and rule as requested in the first four prayers presented by the defendant, as it is clear that these exceptions seek to review certain conclusions of the circuit court which are necessarily embodied in the general finding of the circuit court."

The last utterance of the Supreme Court is by Justice Shiras in St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044, who, speaking of certain propositions of law which the trial court refused to make, said:

"The refusal of the court so to hold was excepted to and is assigned for error. But these were rulings which involved a determination of facts, and as those facts are not found for us by a special finding of the court, and as the evidence which developed the facts is not brought to our notice by exception to its competency or relevancy, no questions of law are presented for our review."

The Circuit Court of Appeals in the Fifth Circuit, in Morris v. Canda, 80 Fed. 739, 26 C. C. A. 128; of the Sixth Circuit, in National Surety Co. v. R. R. Co., 145 Fed. 34, 76 C. C. A. 19; of the Seventh Circuit in Streeter v. Sanitary District of Chicago, 133 Fed. 125, 66 C. C. A. 190; and of the Eighth Circuit, in Searcy County v. Thompson, 66 Fed. 92, 6 C. C. A. 674—take the same view. I know that in this circuit Judge Blatchford, in Clement v. Insurance Co., 7 Blatchf. 51, Fed. Cas. No. 2,882, and Judge Thomas in Paul v. D., L. & W. R. R. Co. (C. C.) 130 Fed. 951, affirmed by the Circuit Court of Appeals, 147 Fed. 51, 77 C. C. A. 315, held that questions of law could be raised on appeal either by exceptions to the refusal of a motion to dismiss or to the answers of the court to propositions of law.

Consideration of the decisions of the Supreme Court satisfies me that the defendant is justified in apprehending that its rights may be prejudiced if I make only a general finding, and I therefore think it fair to make special findings. Counsel for either party may submit findings within 10 days, bearing in mind that I can find only the ultimate facts.