UNITED STATES v. WAITE.

(District Court, D. Nevada. July 27, 1909.)

No. 1,293.

CRIMINAL LAW (§ 1092*)—BILL OF EXCEPTIONS—TIME—EXTENSION—RULES.

Defendant having been convicted on June 26, 1909, of making and forging an indorsement on an obligation of the United States, after a trial in which he introduced no evidence, but relied entirely on a novel question of law, sentence was delayed that he might prepare a motion for new trial, and was not pronounced until July 10, 1909. Defendant asked for 20 days in which to prepare and present a bill of exceptions, and an order to that effect was granted. The official stenographer, during all of the 10 days and up to July 10th, was engaged almost continually in court in reporting other cases, and, as the necessary data for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the bill of exceptions could only be obtained from her, the preparation of the bill was not delayed by the inadvertence of counsel in failing to prepare the same. On July 13th they applied for an order, to be entered nunc pro tunc as of July 6th, granting them 40 days from that date within which to prepare, serve, and file a bill of exceptions, and that defendant be relieved from the consequences of delay and default in failing to ask for additional time within 10 days after verdict. *Held,* that rule 22, providing that a bill of exceptions must be prepared in form and presented to the judge within 10 days after verdict, and in default thereof the exceptions will be deemed waived, was merely directory, and did not preclude the court, under the circumstances stated, from granting additional time after the original time had expired.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1092.*]

George C. Waite was convicted of falsely making and forging an indorsement on an obligation of the United States, and he applies for time to prepare and present a bill of exceptions. Granted.

Samuel Platt, U. S. Atty.

Robert Richards and L. B. Fowler, for defendant.

FARRINGTON, District Judge. June 26, 1909, the above-named defendant was by verdict of a jury in this court found guilty of falsely making and forging an indorsement upon an obligation of the United States. Immediately after the verdict there was some discussion as to granting time for such further proceedings as defendant might desire. The court intimated that time would be given, but no formal order to that effect was asked or made, except that a subsequent date was fixed for pronouncing judgment, in order that defendant might have time to prepare his motion for new trial. July 10, 1909, sentence was pronounced. Defendant then asked 20 days within which to prepare and present a bill of exceptions. An order to that effect was made over the objection of counsel for the government. By motion filed July 13th defendant now asks an order to be entered, nunc pro tunc as of July 6th, granting him 40 days from that date within which to prepare, serve, and file his bill of exceptions, and that he be thus relieved from the consequences of his delay and default in failing to ask for additional time within 10 days after verdict.

The affidavits filed and oral testimony offered in support of the motion show that counsel, in the press of other business, overlooked the rule under which they were required to present their bill of exceptions or apply for additional time within 10 days after verdict. The official stenographer of the court during all of the 10 days, and up to the 10th day of July, was engaged almost constantly in court in reporting other cases; and, as the necessary data for the bill of exceptions could only be obtained from her, the preparation of the bill was in no wise delayed by the inadvertence of counsel. There is nothing which evinces bad faith on the part of counsel, nor does it appear that granting the order will work any injustice. On the trial defendant introduced no evidence. The whole case turned on a question of law. That question is novel, and of such importance that it ought to be passed on by the appellate court. If defendant's counsel were guilty of negligence, under the circumstances it was not inexcusable.

Rule 22 of this court declares that the bill of exceptions must be prepared in form and presented to the judge within 10 days after verdict, and in default thereof the exceptions will be deemed waived. It is conceded that at any time within 10 days after verdict the judge has power to grant a reasonable extension of time. But, having permitted the 10 days to expire without action, it is now urged that the court is powerless to relieve defendant from the consequences of his default. This question has already been settled for this jurisdiction in Marye v. Strouse (C. C.) 5 Fed. 494, 498, where Judge Hillyer says:

"Notwithstanding the rule of this court prescribing the time within which bills of exception must be drawn up, it is undoubtedly within the power of the court to except a particular case from its operation whenever it is just to do so."

The fact that sentence was deferred until July 10th to enable defendant to move for a new trial, and that formal notice for a new trial was made and on the 10th day of July overruled, is a circumstance which should be considered. Had that motion been granted, the bill of exceptions would have been entirely unnecessary.

In Southern Pacific Co. v. Johnson, 69 Fed. 559, 16 C. C. A. 317, verdict was rendered June 18, 1893. Seven days later notice of motion for new trial was given. Ninety days later the motion was overruled, and a bill of exceptions was presented and settled. There were no orders of court or stipulations between parties extending time within which to present the bill of exceptions. Nevertheless Judge Hawley allowed the bill of exceptions, and his action was sustained on appeal as a proper exercise of discretion. The court declared that the rules fixing time within which bills of exception are to be presented are merely directory. They "do not control absolutely the action of the judge. * * * He is at liberty to depart from their terms to subserve the ends of justice." This discretion in a proper case may be exercised at any time within the term the judgment is rendered. Without deciding that the mere pendency of a motion for new trial operates ipso facto as an extension of time, the Court of Appeals held that it was a circumstance proper to be considered by the judge in the exercise of his discretion, and in that case it was a sufficient reason why the action of Judge Hawley in settling and certifying to the bill of exceptions should be sustained.

On the authority of these two decisions I shall grant defendant's motion. The order will be entered accordingly.