## MASON v. SMITH.

(Circuit Court of Appeals, Sixth Circuit.   November 7, 1911.)

No. 2,062.

1. APPEAL AND ERROR (§ 850*)—REVIEW—ACTION TRIED WITHOUT JURY.

Under Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), on the trial of a cause in the Circuit Court without a jury, there is no right of review, when findings of fact are not made, except as to rulings of the court during the trial, excepted to at the time and duly presented by bill of exceptions; and an opinion of the court, stating its conclusion as to the effect of the evidence, cannot be considered as such a ruling. When there is a special finding of facts, the review may extend to a determination of the sufficiency of such finding to support the judgment, for which purpose no exception is necessary, and also to the question whether there is evidence tending to support such finding, if seasonable exception is taken, but not otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3351; Dec. Dig. § 850.*]

2. APPEAL AND ERROR (§§ 983, 977*)—JUDGMENT (§ 300*)—NEW TRIAL (§ 6*)—REVIEW—DISCRETION OF COURT.

Both a motion for a nunc pro tunc order to amend the judgment and a motion for a new trial are within the discretion of the court, and the denial thereof is not reviewable in the federal courts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3880, 3860–3865; Dec. Dig. §§ 983, 977;* Judgment, Cent. Dig. § 581; Dec. Dig. § 300;* New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action by Albert G. Mason against Charles A. Smith. Judgment for defendant, and plaintiff brings error. Affirmed.

W. C. Boyle (Squire, Sanders & Dempsey, on the brief), for plaintiff in error.

S. H. Tolles and N. B. Billingsley (Kline, Tolles & Morley, on the brief), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM.   This case was tried by the court below without a jury, under express written waiver thereof, under Rev. Stat. § 649 (U. S. Comp. St. 1901, p. 525).   No formal findings of fact were made or asked for.   The court, however, filed an opinion, in which the conclusion (among others) was announced that plaintiff's evidence did not make out the contract alleged in his petition.   Judgment for defendant was accordingly entered.   Plaintiff's motion for new trial was granted only so far as to permit the filing of an amended petition and the resubmission of the case thereunder upon the evidence theretofore submitted, whereupon judgment was again entered for defendant.   We think, in view of the state of the record, which it is unnecessary to set out in detail, there was an effective waiver of jury upon the resubmission, notwithstanding no new written stipulation

therefor was made. Plaintiff later applied for a nunc pro tunc order, amending the judgment entry so as to show, in substance, that the court considered only plaintiff's evidence and determined no disputed facts, but merely held, as matter of law, that the testimony considered had no tendency to show the contract set up by plaintiff, and that exception was taken to such ruling. The requested order was denied.

We are asked to review the final judgment, on the ground that "the finding and the judgment is contrary to law and the evidence," and "contrary to the weight of the evidence," and also because "the conceded and controlling facts entitle the plaintiff to a judgment." We are asked, also, to review the denial of the motion for new trial, as well as the denial of the motion for the nunc pro tunc order.

[1] Section 649 of the Revised Statutes provides that, on a trial without a jury, "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Under section 700 (page 570), when findings of facts are not made, the review can extend only to rulings of the court in the progress of the trial of the cause, and then only when "excepted to at the time and duly presented by bill of exceptions." But, where a special finding of facts is made, "the review may extend to the determination of the sufficiency of the facts found to support the judgment," for which latter purpose no exception is necessary. Chicago, R. I. & P. Ry. Co. v. Barrett, 190 Fed. 118, decided by this court July 12, 1911. In case of such special finding, the question whether there is testimony tending to support it may be reviewed, if seasonable exception is taken. Except as above stated, however, there is no right of review in a case tried without a jury. Norris v. Jackson, 9 Wall. 125, 128, 19 L. Ed. 608; Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 37 L. Ed. 373; Grayson v. Lynch, 163 U. S. 468, 472, 16 Sup. Ct. 1064, 41 L. Ed. 230; St. Louis v. Western Union Tel. Co., 166 U. S. 388, 390, 17 Sup. Ct. 608, 41 L. Ed. 1044; Humphreys v. Third National Bank (C. C. A. 6) 75 Fed. 852, 855, 21 C. C. A. 538; Fales v. N. Y. Life Ins. Co. (C. C. A. 6) 98 Fed. 234, 237, 39 C. C. A. 38; National Surety Co. v. C., N. O. & T. P. Ry. Co. (C. C. A. 6) 145 Fed. 34, 76 C. C. A. 19.

If the opinion is to be construed as a special finding of facts, it is enough to say, first, that no exception was taken raising the proposition that there was no substantial evidence tending to support it; and, second, that the testimony tended to support the conclusion that the contract alleged was not made out.

If the court's opinion is not construed as a special finding of fact, the review can extend only to rulings of the court in the progress of the trial of the cause. No such ruling is presented, unless the court's opinion referred to can be so treated. In our opinion, it cannot be so construed. It states the court's opinion upon a question of fact. The fact that this opinion was based only upon the plaintiff's evidence does not change the situation, not only because no exception was taken to the failure to consider defendant's evidence, but because of the very proper concession that the defendant's evidence, if considered, would not have changed the result.

[2] The motion for new trial was addressed to the discretion of the court, and is not reviewable. Big Brushy Coal & Coke Co. v. Williams (C. C. A. 6) 176 Fed. 529, 533, 99 C. C. A. 102, and cases there cited. The same is true of the denial of the nunc pro tunc order asked for. Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395; Royal Ins. Co. v. Miller, 199 U. S. 353, 369, 26 Sup. Ct. 46, 50 L. Ed. 226. ·

For the reasons stated, the judgment of the Circuit Court must be affirmed.