## UNITED STATES OF AMERICA *v.* JAMES F. FIND-LAY, T. CLIVE DAVIES AND W. H. BAIRD.

### December 15, 1913.

*Trial—Trial by court—Special findings:* The court having tried an action at law jury waived and having entered judgment including a general finding in favor of plaintiff, it declines to entertain a motion for special findings at a subsequent term.

*At Law:*   Motion for special findings.

*I. M. Stainback* (*Holmes, Stanley & Olson* with him), for the motion.

*R. W. Breckons,* U. S. District Attorney, opposed.

CLEMONS, J.   The defendants have moved "that a special finding of the facts in said cause with the conclusions of the court thereupon, conformably to the opinion of the court heretofore filed in said cause, be made . . . and filed *nunc pro tunc* as of the April, 1913, Term of the above entitled court and as of a date prior to the 17th day of June, 1913, the date of the making and entry of the judgment." At the hearing on the motion, counsel for the defendants, taking the position that the opinion or decision of the court really constituted findings of fact and that all that was required was an amendment of the decision by entitling it "decision and special findings of fact," asked specially that the object of their motion be effected by the court's allowing an amendment of that kind.

In behalf of the motion were cited *Aetna Insurance Co. v. Boon,* 5 Otto (95 U. S.) 116, *and Joline v. Metropolitan Securities Co.,* 164 Fed. 650. In the former case it was held that "where the court tried the issues of fact and its opinions embodying its findings and the conclusions of law therefrom, was filed concurrently with the judgment, but there was no formal finding of facts, and the court at the next

following term, . . . made an order that a special finding, with the conclusions of law conformable to that opinion so filed, be entered *nunc pro tunc*, and made part of the record as of the term when the judgment was rendered," such order was within the court's discretion. In that case "there was no formal finding of facts, when the judgment was ordered. It is to be inferred, it is true, from the judgment and from the entry of the clerk, that the issue made by the pleadings was found for the plaintiffs, but how, whether generally or specially, does not appear." 5 Otto, 124. In the case at bar, on the other hand, nothing was left to be "inferred," but the judgment embraced not only the judgment proper, reading: "It is therefore adjudged by the court that the United States of America recover of" the defendants the sum of $8,962.30 with costs, but also embraced in its first paragraph a general finding, which after reciting a hearing upon waiver of jury, says: "And the court having heard the evidence and argument of counsel, *finds the issues joined in favor of the plaintiff, and that the defendants . . . are and each of them is justly indebted to plaintiff,* . . . principal and interest to the present date in the sum of $8,962.30." This judgment (and finding) was signed by me as judge and "approved as to form" by the endorsement of defendants' counsel thereon. Though not labelled "finding of facts and judgment," it is in form both, it being like a combination of the form of finding set forth in the decision in the case of *Humphreys v. Third Nat. Bank,* 75 Fed. 852, at 854-855, and of the form of judgment set forth in the same decision at 855. That finding, "general in its form," and almost identical with the finding set forth in the judgment in the case at bar, was held by Judge Taft, speaking for himself and Judges Lurton and Hammond, not to be entitled to consideration as a special finding, but as a general finding. Id. 855-856. It will be noticed that the judgment set forth in *Dickinson v. Planters' Bank,* 16 Wall. 250, at 254-255, includes a finding

in form similar to that included in the judgment here, but the court regarded it as a general finding and not a special finding. Id., 257, 258.    In *Wilson v. Merchants' Loan & Trust Co.*, 183 U. S. 121, 123, the judgment entered was in form like that here, and the finding embraced therein was held to be general, Id., 127; so also in the case of *Streeter v. Sanitary District of Chicago*, 133 Fed. 124, 125, 127.    In the *Joline* case, 164 Fed. 650, it appears that the judge had not yet filed findings of any kind, either general or special. See Id., 652, at conclusion.    So that although he had rendered an opinion and entered judgment (Id., 651), it was, as in the *Boon* case, proper to file formal findings which the judge could make special if he deemed best.

In the case at bar, I have, as shown, signed and filed a general finding and judgment, with the written approval of defendants' counsel,—not a judgment merely *reciting* that a finding had been made.    And I do not feel that I can do otherwise than leave the record just as it stands. The case of *Marye v. Strouse*, 5 Fed. 494, supports this view, and distinguishes the *Boon* case by pointing out that it was determined on the fact of there being a defect in the record, which the filing of special findings *nunc pro tunc* supplied. There is, as seen, no defect in the record here.

As to the suggestion of supplying what is contended to be an omission (but which, as above noted, is not), by labelling the decision as a "decision and special finding of facts" without disturbing what I have herein described as the general finding embraced in the judgment, such action would be unwarranted.    The decision, or opinion, though necessarily finding facts upon which its conclusion is based, is not itself a special finding.    *United States v. Sioux City Stock Yards Co.*, 167 Fed. 126, 127; *York v. Washburn*, 129 Fed. 564, 565-566; and see in connection therewith the respective decisions of the courts below involved therein; 162 Fed. 556; 118 Fed. 316; also *Keeley v. Ophir Hill Mining Co.*, 169 Fed. 598, 600.    "The finding must be 'either

general or special.' It cannot be both." *British Queen Mining Co. v. Baker Silver Mining Co.*, 139 U. S. 222; *Marye v. Strouse*, 5 Fed. 498; *Insurance Co. v. Tweed*, 7 Wall. 44, 51; *Dickinson v. Planters' Bank*, 11 Wall. 250, 256, 257; *Insurance Co. v. Boon*, 5 Otto (95 U. S.) 117, 140. Therefore, such an attempted amendment, with the formal general finding still extant, would be a vain act. *Corliss v. Pulaski County*, 116 Fed. 289, 290-291. So, if the amendment were to be effected at all, it would have to be preceded by an order setting aside the formal general finding embraced in the judgment,—and also stated at the conclusion of the decision finding for the plaintiff and ordering judgment. See Id., 291. But, the only finding in the record,—i. e., the only finding which can be regarded, according to the *Boon* case, supra, 124—being the formal finding, and *the judgment being technically based upon it* (*Streeter v. Sanitary District of Chicago*, 133 Fed. 124, 125, 127), I do not see my way clear to making the amendment asked, especially after the expiration of the term at which the judgment was rendered,—this being, indeed, the second term thereafter, a special term having intervened. It is certain that, as a rule, the judgment could not itself be amended at this subsequent term, and where as a matter of fact the formal finding on which the judgment was based, is general though, it is true, itself based on what might be termed special findings, some direct and some inferential only, I doubt the court's power to now substitute for that general finding, findings which are special. See Black on Judgments, 2d ed., sec. 306, and United States cases cited.

The question of whether the findings should be general or special would seem, in any event, at this stage, as well as at earlier stages, to be within the court's discretion. *Insurance Company v. Folsom*, 18 Wall. 237, 249-250; *School Dist. No. 11 v. Chapman*, 152 Fed. 887, 894-895; Fed. Stat. Ann., 2 Supp. (1912), 1372. And as the decision was not intended as a special finding, though its conclusion is of

course based on special findings; and as these findings are to some extent argumentative and inferential, and not made with any view of their being considered as formal findings; and as counsel's delay to move for special findings has left only the very briefest time, before the expiration of the six months' period for taking appellate proceedings, within which to solve the difficult problem of making up proper findings which may pass muster in the appellate court; and as a formal finding was entered with defendants' approval, I am disposed to let the record stand as it is.

The matter of framing special findings is not without difficulty (see the *Joline* case, supra, 651,652; *Wilson v. Merchants' Loan & Trust Co.*, 183 U. S. 121, 123, 126 et seq.); and findings improperly framed might prejudice a judgment otherwise valid. It would hardly be justifiable to incur this risk for the slight advantage, if any, which might accrue to the defendants from special findings. See *York v. Washburn*, 129 Fed. 566; *Chicago, B. & Q. Ry. Co. v. Frye-Bruhn Co.*, 184 Fed. 15, 16, 23; see also *The City of New York*, 147 U. S. 72, 76, par. 1, apparently justifying an inquiry, on appellate review of special findings of fact, only as to whether the special facts found support the judgment (Rev. Stat. sec. 700), but not as to the sufficiency of the evidence upon which the facts found are themselves based,—the Federal practice in this regard being different from that of some of the States under statutory provisions.

While running through the authorities, in making up this opinion, I came upon the case of *Supervisors v. Kennicott*, 13 Otto (103 U. S.), 554, 556-557, in which the court regarded a general finding stated in the judgment as "no more than a declaration that the court found the law to be in favor of the plaintiff on the case as stated," but that was where the obvious intent of the parties was to submit the agreed facts to the court for the court's conclusion of law thereon. How strictly this ruling is applied may be seen in *Lehnan v. Dickson*, 148 U. S. 71, 73, 74.

It is to be regretted that counsel may not have now what might have been secured by a timely request made in the manner pointed out by Judge Taft in the case of *Humphreys v. Third Nat. Bank*, 76 Fed. 852, 855-856, in which he warns against the pitfalls of practice in case of waiver of jury under Rev. Stat., section 700. See also practice indicated by *Martin v. Fairbanks*, 112 U. S. 670, 672-673, and *United States Fidelity, etc. Co. v. Board of Commissioners*, 145 Fed. 144, 151.

The motion is denied.