FIRST NAT. BANK OF GRAHAM, VA., v. WEITZEL et al.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1917.)

No. 2895.

1. APPEAL AND ERROR ☞850(3)—REVIEW—RECORD.
   An opinion will not take the place of findings, as regards the record, preserving right to review depending on findings.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3351–3362, 3375, 3376; Dec. Dig. ☞850(3).]

2. BILLS AND NOTES ☞525—HOLDER IN DUE COURSE—EVIDENCE.
   Evidence that negotiations of attorneys for sale to plaintiff of a note would naturally have informed it that they were acting for H., and the fact that the form of indorsement thereon by defendant bank, after that of H., was: "Pay to the order of any bank or banker. All previous indorsements guaranteed"—authorizes a finding that plaintiff was not a holder in due course, on the theory that it was put on inquiry, which would have disclosed that defendant bank was only a forwarding agent.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. ☞525.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

239 F.—32

3. BILLS AND NOTES ⚬⟞504—ACCOMMODATION INDORSEMENT—EVIDENCE.
        That defendant was an accommodation indorser of the note sued on
    may be shown by transactions occurring out of plaintiff's presence; it
    being shown to be chargeable with notice.
        [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1719–
    1727; Dec. Dig. ⚬⟞504.]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by the First National Bank of Graham, Va., against Fred W. Weitzel and others. From an adverse judgment, plaintiff appeals. Affirmed.

J. S. Hays, of Winchester, Ky., for appellant.
H. C. Hazlewood, of London, Ky., for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

DENISON, Circuit Judge. The Bank of Graham, Va., sought to recover against the Bank of London, Ky. (Weitzel, receiver), upon an indorsement placed by the cashier of the London Bank upon the promissory note of one Calhoun, before maturity and before the note was sold to the Graham Bank, which indorsement read:

"Pay to.the order of any bank or banker. All previous indorsements guaranteed.                                  First National Bank of London, Kentucky."

A jury was waived, and the case was tried before the District Judge. Findings of fact and law were requested, but were not made, except as a careful opinion embodied the views of the judge upon the facts and the law. Judgment was entered for the defendant.

[1] An opinion cannot take the place of findings (Mason v. Smith [C. C. A. 6] 191 Fed. 502, 112 C. C. A. 146); but we are inclined to overlook any such question, and treat the record as if it clearly preserved the right to urge in this court the proposition that the undisputed evidence imperatively required a judgment for plaintiff. Further than that we cannot go.

The undisputed facts are that the note in question belonged to the payee, Holliday, living at London; that he desired to sell it, and, indirectly engaged, as his agents for this purpose, a firm of attorneys at Keystone, Va., where Calhoun, the maker, was engaged in large business enterprises; that these attorneys interested the cashier of the Graham Bank in the purchase enough so that he desired that the note be sent on for inspection and possible purchase; that the Keystone attorneys wrote to Holliday, asking him to send the note to them for inspection, and for sale if they could find a purchaser at a stated price; that thereupon Holliday took the note and the letter from these attorneys to the London Bank, and requested it to forward the note pursuant to the attorneys' request. The note then had been indorsed in blank by Holliday. It was thought best to send the note through another bank, and so the London Bank sent it to the Keystone Bank, accompanied by the attorneys' letter, with instructions to deliver the note upon receipt of the agreed price. In this connection the cashier

⚬⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the London Bank stamped upon the note the indorsement above recited. The Keystone Bank delivered the note to the attorneys; they carried it to the Graham Bank, which purchased the note and paid the specified price; and this purchase price was duly remitted through the London Bank to Holliday. It is not disputed that upon these facts the indorsement of the London Bank, if it was an indorsement importing full liability, was for accommodation only, and was beyond the power of the bank to make, and that the plaintiff can recover only upon the ground that it became a holder "in due course," and so entitled to the right of full recovery given by the Uniform Negotiable Instruments Act, which has been adopted in both Kentucky and Virginia.

[2] The trial court found that the plaintiff was not a holder in due course, and, upon a review of the record, we cannot say that there is nothing to support this finding. The conversations between the cashier of the plaintiff and the Keystone attorneys would naturally have informed the cashier that the attorneys were acting for Holliday, and he does not deny that he so understood; the application to discount or rediscount the note did not come in the ordinary course of business from the London Bank or any one representing it; there was nothing in the situation to make the indorsement by the London Bank with full liability a thing natural or to be expected; and the indorsement was by that peculiar form of words which it appears without dispute is customarily used among banks for the purpose of forwarding for collection and not for the purpose of rediscount or sale. Putting all these things together, no court can say that the Graham Bank may not have been under a duty to make that further inquiry, the first step of which would surely have disclosed that the London Bank was only a forwarding agent.

With this conclusion of fact, it becomes immaterial to consider the very interesting question whether this form of indorsement is blank or special, full or restrictive.

[3] The Graham Bank also alleges error that the court admitted in evidence facts pertaining to the history of the note and its handling at London, which facts, including conversations at the London Bank, were not in the presence of or brought to the notice of the officers of the Graham Bank. This is only another form of the same substantial question as to the sufficiency of the evidence. To show that the Graham Bank was not a holder in due course required two steps. The defendant must prove, first, the accommodation character of the indorsement; and, second, plaintiff's knowledge. In such a situation, the actual character of the paper must of necessity be shown by evidence of transactions in which the plaintiff did not participate. If the trial were in the presence of a jury, such evidence would be received, accompanied by the caution that it would be incompetent unless it was later found that plaintiff was chargeable with notice; and so here, when the circuit is completed by showing that plaintiff must be held to know that the paper was not what it seemed, plaintiff is not harmed by the admission of the ultimate facts as to its real character.

The judgment must be affirmed.